47227, 47228.  SMITH v. TRI-STATE CULVERT MANUFACTURING COMPANY, INC. (two cases).

ARGUED MAY 24, 1972—DECIDED JUNE 16, 1972.

*Guy B. Scott, Jr.,* for appellants.

*Webb, Fowler & Tanner, W. Howard Fowler,* for appellee.

CLARK, Judge. Is a wife whose husband is injured by a tort for which defendant admits liability entitled to a verdict in some amount for loss of consortium? That question confronts this court in these two cases which arose out of a collision between a truck owned by defendants and a car in which the husbands of the two plaintiffs were riding.

There were two separate suits and two different trials with both complaints being limited to claims for loss of consortium. By coincidence each plaintiff bears the surname of Smith. In each case defendant acknowledged being at fault but contested any recovery on the theory that in each instance there were no damages recoverable by the wife. The jury in each case accepted this thesis and returned verdicts for the defendant. Appellants express puzzlement as to the cause for this result, giving no explanation other than the two juries were composed entirely of men. Although we recognize in today's world with the advent of the Women's Liberation Movement there may be some men re-

resentful of the female clamor for independence with their accompanying complaint of alleged sex discrimination and demand for freedom from alleged masculine domination, we cannot regard the instant adverse verdicts to be a manifestation of male chauvinism.

In the area of recognition of their legal rights it is obvious that the current cigarette slogan "You've come a long way, baby" applies to the progress made by women concurrent with their raising their hemlines from the floor-sweeping hobbleskirt to today's eye-fetching mini-skirt. This is evidenced in the history[1] of recognition by our courts of a wife's right to recover for loss of consortium which had been limited to the husband under common law and by statute in our state. *Code* §§ 53-511, 105-107. Thus, in 1949, there was a hesitation by this court to rule in favor of the female spouse with an equal division of our judges on this point in *McDade v. West,* 80 Ga. App. 481 (56 SE2d 299). The breakthrough came the next year in the District of Columbia case of Hitaffer v. Argonne Co., 183 F2d 811. This latter decision referred to our *McDade* case with an expression that the better reasoning was by those of our judges who had opined that a wife had a cause of action for loss of her injured husband's consortium due to a third party's negligence. When this question was next presented to this court in *Brown v. Georgia-Tennessee Coaches,* 88 Ga. App. 519 (77 SE2d 24) the compliment was reciprocated as we adopted and quoted the Hitaffer case in toto.

This right of consortium is derivative, stemming from the right of the other. *Stone Mountain Memorial Assn., v. Herrington,* 225 Ga. 746 (3) (171 SE2d 521); *Hightower v. Landrum,* 109 Ga. App. 510 (136 SE2d 425). Whether the claim be by the husband or by the wife, sex equalitarianism

---

[1]The annotation entitled "Wife's Action—Loss of Consortium" in 36 ALR3d 902 states that prior to 1950 the prevailing view in almost all states was that a wife did not have a common law action in a negligence case for loss of her husband's consortium.

exists because "The same right is involved in both instances, and it appeals to justice, logic and common sense that no fictional difference should be allowed to affect substantial rights in different manners according to which person happens to be suing for the loss." *Pinkerton Nat. Detective Agency v. Stevens,* 108 Ga. App. 159, 161 (132 SE2d 119).

Under this derivation concept plaintiff must introduce evidence sufficient to pass muster on two fronts, these being (1) liability and (2) damages. This was pointed out by Judge Eberhardt in the *Hightower* case, supra, which was quoted with approval in *Armstong Furn. Co. v. Nickle,* 110 Ga. App. 686, 688 (140 SE2d 72) thusly: ". . . [B]efore making any determination that the wife is entitled to recover the jury must determine whether the consortium has, in fact, been lost and, if so, whether the cause of the loss was such as to give rise to liability on the part of the defendants."

In the case at bar one factor, liability, has been admitted without necessity of proof. In order to determine if the other factor, damages, is recoverable, we must consider the elements which constitute consortium. These are recited in the definition of "consortium" as contained in Ballantine's Law Dictionary (3rd Ed.) published in 1969, which says this was "At earlier common law, the status and rights of the husband arising from the marriage relationship, while 'coverture' denoted the status and rights of the wife arising therefrom. But 'consortium' has now come to mean the rights and duties of . both husband and wife, resulting from the marriage, in other words, the marital rights and duties of the spouses inter se, the reciprocal rights and duties of society, companionship, love, affection, aid, services, cooperation, sexual relations, and comfort, such being special rights and duties growing out of the marriage covenants."

Having recognized these intangible elements contained within the definition of "consortium," we cannot regard an interference with these stated elements as being damnum absque injuria. The amount of any award might be nominal but would depend upon the evidence presented and

would be according to the enlightened consciences of impartial jurors, subject to the provisions of *Code* § 105-2015 whereby the court is not to interfere excepting for gross mistake or undue bias. It should also be noted that such proof cannot include any item of damages belonging to the husband. *Walden v. Coleman*, 105 Ga. App. 242 (124 SE2d 313); *Pinkerton Nat. Detective Agency v. Stevens*, 108 Ga. App. 159, supra.

In both cases sub judice the evidence was minimal as to proof, but in each instance there was shown some disabling injury which required hospitalization. In case No. 47227 the husband was hospitalized twice for several weeks on each occasion. In case No. 47228 the husband's stay in the hospital was for four or five days. Additionally, some deprivation of sexual intercourse was shown at each trial. Other evidence diminished the sentimental value but not sufficient to make these cases de minimis non curat lex.

A ruling similar to our holding exists in Turner v. Southern R. Co., 437 F2d 1352, a case which was appealed to the United States Court of Appeals for the Fifth Circuit from the Northern District of Georgia. There the cases of husband and wife were consolidated for trial. A verdict was returned for the husband for his personal injuries but against the wife on her claim of consortium loss. Judge Newell Edenfield granted the wife's motion for judgment notwithstanding verdict, ordering a new trial solely on the issue of damages. He ruled that as the railroad's liability to her husband was established by the verdict in his case with her evidence as to loss of consortium being uncontradicted there had to be a new trial to determine the amount to which she was entitled. A duplication of this situation occurred in Davis v. Industrial Chemical & Supply Co. in the Brunswick Division of the U. S. District Court of Georgia in which a jury composed of a lone male and eleven women returned a verdict of $45,000 for the husband but not a cent to his wife in her separate action for loss of consortium on the two cases consolidated for trial. In an unpublished opinion Savannah's erudite Hon. Alexander A.

Lawrence reviewed the Georgia authorities and concluded the wife was entitled to a new trial limited to the issue of damages because the verdict in the husband's case established defendant's liability so that upon proper proof the wife was entitled to an award.

The motion for new trial in each instance should have been granted.

*Judgments reversed. Eberhardt, P. J., and Deen, J., concur.*