47403.  MASTER MORTGAGE CORPORATION v.
CRAVEN.

ARGUED SEPTEMBER 13, 1972—DECIDED OCTOBER 2, 1972—
REHEARING DENIED OCTOBER 19, 1972.

368

*Beryl H. Weiner, Rose M. Higby, Rick S. Sexton,* for appellant.

*John K. Dunlap,* for appellee.

DEEN, Judge. █ The evidence on the hearing to compel the court reporter to transcribe the testimony of the December 20 hearing supports the trial court's judgment overruling the motion under *Harrington v. Harrington,* 224 Ga. 305 (161 SE2d 862) since it authorized a finding that the appellant's then counsel had refused to participate in having the testimony reported, and the transcript therefore belonged to the opposite party under a private contract. The principal distinction between *Harrington* and *Robinson v. J. C. Penney Co.,* 124 Ga. App. 221 (183 SE2d 782) lies in the fact that in the former case the party to the litigation desiring the transcript for appeal purposes had previously refused to participate, while in the latter the movant had not been a party to the hearing and had therefore made no such election.

Since the two orders deal with identical subject matter (the examination of a list of corporate documents as set out in an exhibit to the original petition), and since, even if the evidence would not support the grant in the original order it might have done so at the second hearing, and if so any error in the original order would be harmless, we cannot examine the enumerations of error which raise evidentiary questions. *Smith v. Smith,* 223 Ga. 795 (2) (158 SE2d 679); *Avery and Avery,* 224 Ga. 516 (162 SE2d 718); *Greene v. McIntyre,* 119 Ga. App. 296 (167 SE2d 203).

■ We can and must, however, consider whether the list of demands, as set out in the petition and granted by the trial court, is overly broad on its face. It calls for (1) list of shareholders; (2) all minutes of shareholders, directors, and directors' committees; (3) all corporate books of account from the inception of the corporation (that is, since October 2, 1964); (4) all bank accounts, bank statements and canceled checks; (5) all State and Federal income tax returns and worksheets; (6) corporate by-laws; (7) all corporate statements of account prepared by a named firm of certified public accountants; (8) "all corporate records pertaining in any way to loans, satisfied or unsatisfied, made at any time by the corporation"; (9) all notes receivable, whether or not satisfied; (10) "all other corporate books, records and files pertaining in any way to the business or financial status of the corporation at any time since [its] inception." Since between its incorporation in 1964 and the commencement of liquidation in 1969 the corporate business was making loans secured by real estate, it is obvious that the above list constitutes a demand for almost every piece of paper in the corporate files during that time, plus all business paper between that time and October, 1971, when all proceeds of the corporation were transferred to certain trustees under a liquidation agreement, at which time Craven and other stockholders transferred their stock certificates to the trustees.

The plaintiff, a corporate shareholder for more than six months before the demand was made, has a right on estab-

lishing certain facts, under *Code Ann.* § 22-613 (b) to inspect the appellant's "books and records of account, minutes and record of shareholders." We must assume in favor of the order that the court was at least implicitly convinced that the plaintiff is in good faith, has not improperly used information secured through prior examinations, and is acting for a proper purpose in making the demand. It then becomes necessary to decide whether the order on its face grants a right of inspection too broad and sweeping in its nature. It is unlimited in time, and must therefore be taken to go back to the inception of the corporation, whereas with certain exceptions transactions of the corporate stock would not be germane to his interest as a stockholder. Secondly, his right to inspect must come either from the statute or the common law. Under the statute he is granted the specific right to examine "books and records of account, minutes, and record of shareholders." The common law rule as recognized and applied in Georgia is summarized in *Winter v. Southern Securities Co.,* 155 Ga. 590 (1) (118 SE 214) and quoted in *G. S. & M. Co. v. Dixon,* 220 Ga. 329, 332 (138 SE2d 662): "A bona fide stockholder has the legal right to inspect the books and records of the company, where the examination is asked for in good faith and for a specific and honest purpose, and not to gratify curiosity, or for speculating or for vexatious purposes; and provided further that the purpose of the stockholder desiring to make the examination is germane to his interest as a stockholder, proper and lawful in character, and not inimical to the interests of the corporation itself, and the inspection is made during reasonable business hours." Demands for material not relevant to these purposes should not be granted. As stated in *Horton v. Huiet,* 113 Ga. App. 166, 169 (147 SE2d 669) (there applied in the context of a notice to produce): "Even if *some* of these may have been relevant (which we do not see), no court should impose upon the opposite party the onerous task of producing great quantities of records which have no relevancy. The notice should be specific enough in its demands to relate the documents sought to the questions

at issue. While admissibility is a matter to be determined when records, documents, etc. are tendered in evidence and is not a test for determining whether an order requiring production should be entered, pertinence or relevance is." Where done in good faith to protect the shareholder's interest or to inform him of the financial condition of the company and the value of his stock, the minutes, ledgers, and shareholders' lists are to be made available under either the statutory or common law rule, but the common law right to inspect records is not absolute and the purpose should be relevant and material to the applicant's interests as a shareholder. 18 CJS 1176, Corporations, § 502. "The common law rule as to a shareholder's right of inspection is that every shareholder has the right, by reason of his interest therein, to inspect the books and papers of a corporation at reasonable times and places and for proper purposes. . . It is thus seen that this right is not an absolute one but rather a qualified one. . . Generally speaking, the right of a stockholder extends to all books, papers, contracts, minutes or other instruments from which he can derive any information that will enable him to protect his interest." Tucson Gas & Electric Co. v. Schantz, 5 Ariz. App. 511, 513 (428 P2d 686). It appears that the plaintiff here was a director of the corporation assisting it in the collection of debts from November, 1970, to June, 1971, and also that at the June meeting in which he voted for liquidation and for about a week afterward there were made available for inspection at least some of the records which he now seeks, but that he made no examination of them. It thus appears that the applicant was at least in a position to point out with some degree of specificity those corporate records which would be relevant to his interests as a shareholder. The catch-all demand: "all other corporate books, records and files pertaining in any way to business or the financial status of the corporation at any time since the inception of the corporation" does not fill this requirement and should have been stricken as not within the purview of either the common law or statutory rights of the shareholder. Income

tax returns, and especially the worksheets used in their preparation, "all corporate records pertaining in any way to loans whether satisfied or unsatisfied made at any time by the corporation," and "all notes receivable, whether satisfied or unsatisfied" fall in the same category. Items 5, 8, 9 and 10 should not have been included, nor, absent a showing of relevancy to the purposes of the inspection, any peripheral documents which materially antedate the plaintiff's initial stock purchases.

*Judgment reversed. Eberhardt, P. J., and Clark, J., concur.*