## 47567. NIXDORF ENTERPRISES, INC. v. BELL.

QUILLIAN, Judge. This appeal arose from a dispossessory warrant proceeding to which the defendant filed an answer and "cross bill." Trial was had in the State Court of DeKalb County before a jury which returned a verdict in favor of the defendant, and judgment was duly entered thereon. Plaintiff filed a motion for new trial which was overruled and appealed to this court. *Held:*

1. It is conceded by the appellant that when given the opportunity he advised the trial court he did not desire to have the case reported and further declined to have the case reported by sharing the cost with the appellee. This court has recently held: "Where in a judicial hearing in connection with a civil action the court reporter transcribes testimony, not by direction of the court but by private agreement with one party in which the opposing party has expressly refused to participate, all costs of transcription having been paid by the former, he cannot thereafter compel the reporter to furnish him with a copy of the transcript. Evidentiary questions for which such a transcript is necessary on appeal cannot be decided by this court." *Master Mortgage Corp. v. Craven,*

127 Ga. App. 367. See *Harrington v. Harrington*, 224 Ga. 305 (161 SE2d 862).

In the case sub judice the trial judge refused to approve a proposed summary of the evidence submitted by the appellant. There being no transcript or summary of evidence before this court, the enumerations of error requiring a consideration of the evidence are without merit.

2. The only enumeration of error on which we need not consider the transcript complains of an error in the judgment. The appellant contends that the judgment did not conform to the verdict rendered by the jury and in fact awarded the defendant, appellee here, an amount in excess of that authorized by the verdict.

The defendant in his cross claim admitted that he owed the plaintiff $1,000 in rent and tendered such sum into the court. He further sought to recover the sum of $4,889.25 from the plaintiff. The jury returned a verdict for the defendant in the amount of $3,889.25. The trial judge in the final judgment awarded the defendant the sum of $3,889.25, and set out: "It is further ordered that the $1,000 paid into the registry of this court be the property of Dr. Fred Bell [the defendant] till further order of the court."

By use of the quoted language the trial judge retained jurisdiction as to the $1,000 and left open the final determination of such matter. Hence, as we construe it, this issue is still pending and is therefore not ripe for adjudication by this court.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*
ARGUED OCTOBER 3, 1972—DECIDED NOVEMBER 22, 1972.

*Jerry T. Hinson, F. Alex Beasley,* for appellant.
*Charles O. Baird, Jr.,* for appellee.