## 54611. BURNETT et al. v. DOSTER.

BANKE, Judge.

Lonnie Burnett brought suit against Norman Doster to recover for injuries and medical expenses sustained in an automobile accident allegedly caused by the negligence of Doster's minor daughter. He also sought to recover for his pain and suffering, for the loss of past and future earnings, and for punitive and exemplary damages. Mrs. Mildred Burnett sued Doster to recover for loss of consortium. Doster filed a counterclaim against Lonnie Burnett.

The cases were consolidated for trial, and the jury returned a verdict of $5,000 for Lonnie Burnett, but returned a verdict for Doster on Mildred Burnett's suit. In this consolidated appeal, appellant Lonnie Burnett contends that the verdict rendered in his favor was inadequate as a matter of law; appellant Mildred Burnett claims the verdict for the appellee, Doster, on her companion suit was inconsistent with the verdict allowing recovery for her husband. Both appellants claim that the judgments should be reversed because of numerous errors committed at trial.

1. The evidence at trial showed that appellant Lonnie Burnett is disabled. However, medical testimony was given which tended to prove that much of his disability was due to a pre-existing medical condition and

that he was not disabled solely as a result of his accidental injuries. The appellee also introduced evidence that appellant Lonnie Burnett negligently failed to give a left turn signal and that this omission was the primary cause of the accident. Thus, the evidence authorized the jury's award of an amount less than the total amount sought. Furthermore, there is no evidence to support an inference of gross mistake or undue bias on behalf of the jury in rendering its verdict. See *Barnes v. Cornett,* 134 Ga. App. 120 (3) (213 SE2d 703) (1975).

The trial judge did not err in refusing to grant appellant Lonnie Burnett's motion for new trial on either the general grounds or on the ground that the verdict was inadequate.

2. In her amended motion for new trial, appellant Mildred Burnett argued that since her husband was entitled to recover "so was she for [the] loss of her husband's services and in view of his severe injuries and suffering." It is the established law of this state that loss of a husband's services is not a proper element in a wife's suit for loss of consortium. See *Brown v. Ga.-Tenn. Coaches, Inc.,* 88 Ga. App. 519 (77 SE2d 24) (1953); *Pinkerton Nat. Detective Agency, Inc. v. Stevens,* 108 Ga. App. 159 (132 SE2d 119) (1963).

However, appellee's liability was established by the verdict awarding appellant Lonnie Burnett damages for personal injury. On the basis of this verdict appellant Mrs. Burnett would be entitled to a new trial on the issue of damages provided her evidence as to loss of consortium was uncontradicted. See *Smith v. Tri-State Culvert Mfg. Co.,* 126 Ga. App. 508 (191 SE2d 92) (1972); *Clark v. Wright,* 137 Ga. App. 720 (224 SE2d 825) (1976).

Appellant's counsel has omitted any reference in his brief to evidence in the record establishing proof of appellant's loss. Nevertheless, we have examined the record and found that appellee failed to refute appellant's evidence as to her loss of consortium. We find, therefore, that appellant Mildred Burnett is entitled to a retrial on the issue of damages since appellee's liability was established by the original verdict for her husband.

The appellant also sued to recover for wages she lost as a result of having to stop work to care for her injured

husband. The trial judge did not instruct the jury that they could award plaintiff damages on this theory, and appellants' counsel did not object to this omission. Without rendering any comment on the validity of such cause of action, we find that the failure to object at trial precludes review of the trial court's failure to charge on this issue.

3. (a) Appellants allege that the trial judge erred in refusing to permit various portions of a medical witness' deposition be admitted into evidence. There is no official record or stipulation of proceedings covering this conference. Consequently, we are unable to review this enumeration of error.

(b) The appellants allege that the trial judge erred in refusing to instruct the jury that a state patrolman's report of the collision was not in evidence. There is no indication that appellants' counsel objected to the trial judge's failure to give such a charge; nor is a request to charge on this issue included in the record. Accordingly, we are unable to review this enumeration of error. See *Durrett v. Farrar,* 130 Ga. App. 298 (8) (203 SE2d 265) (1973); *Atlanta & W. P. R. Co. v. Armstrong,* 138 Ga. App. 577 (227 SE2d 71) (1976); Code Ann. § 70-207 (a) (b).

(c) The appellants contend that the trial judge erred in holding the jury too late into the evening for deliberation and in requiring them to resume deliberations early the next morning and in not declaring a mistrial. No motion for mistrial was ever made. Furthermore, we find no abuse of discretion by the trial judge. He checked with the jury on several occasions as to the status of their deliberations, dismissing them for the evening when it became apparent that a verdict was not imminent. See *Am. Family Life Assur. Co. v. Welch,* 120 Ga. App. 334 (3) (170 SE2d 703) (1969).

(d) The appellants enumerate as error the fact that the jurors were allowed to have drink other than water, notwithstanding the bailiff's receiving the oath prescribed by Code § 59-717. They rely on the bailiff's affidavit that the sheriff and his deputies served coffee and soft drinks to the jurors in the courthouse basement without the permission of the trial judge.

It is neither "apparent [n]or probable" that the

appellants in this civil suit were prejudiced by the jurors' drinking coffee or soft drinks instead of water. See *Emory University v. Lee,* 97 Ga. App. 680 (2) (104 SE2d 234) (1958). We agree with the trial judge that this irregularity did not require a new trial. See *Post-Tensioned Const., Inc. v. VSL Corp.,* 143 Ga. App. 148 (2) (237 SE2d 618) (1977).

(e) We are unable to consider the appellants' objections to the charges given to the jury before beginning their deliberations since counsel raised no objection to the charges before the verdict was rendered. The judge specifically asked each attorney if he wished to enter any objections to the charges as given, and appellants' counsel responded he had none. See *Atlanta & W. P. R. Co. v. Armstrong,* 138 Ga. App. 577 (2), supra; *Christiansen v. Robertson,* 237 Ga. 711 (229 SE2d 472) (1976); Code Ann. § 70-207 (a).

(f) Appellants contend that it was error for the trial judge to overrule a question asked appellee's daughter on cross examination. Any answer given in response to the question would have been hearsay testimony and, therefore, inadmissible. See Code § 38-301. This enumeration of error is without merit.

4. The appellants allege that the trial judge committed error when he discussed opposing counsel's objections to the depositions of certain medical witnesses outside the presence of the court reporter.

The burden for securing a transcript in a civil case rests on the attorney as no transcript is required by law. See Code Ann. § 6-805 (c). Nevertheless, appellants' counsel failed to enter any objection to this out-of-court conference and to ask that a transcript of these matters be made and included as part of the record.

On June 8, 1977, appellants' counsel filed a document showing which portions of the depositions had been ruled inadmissible in order to perfect the record for appeal. However, the document was never signed by the trial judge. See Code Ann. § 6-805 (i).

We are unable to review this enumeration of error in the absence of an objection at trial or of a record or proper stipulation of the proceedings complained of. See *Herring v. Herring,* 228 Ga. 492 (186 SE2d 538) (1971); *Nixdorf*

*Enterprises, Inc. v. Bell,* 127 Ga. App. 617 (1) (194 SE2d 486) (1972).

5. Appellants contend in their final enumeration of error that "[t]he trial judge erred in each recharge requested by jury and given [in that it] resulted in an overemphasis in favor of the defendant's contentions and did not completely and adequately cover the matter requested by the jury. . ." Counsel's sole argument on appeal is that the "enumeration of error . . . speaks, for itself."

The instructions given the jury here on signal lights and passing on the left side were correct statements of the law. The judge charged that a turn signal could be given by hand or arm or by a mechanical signal device. He explained the law regarding mechanical signal devices. He also charged the express language of Code Ann. § 68A-303 regarding "Overtaking a Vehicle on the Left." A trial judge is not required to repeat his entire charge upon request by the jury for recharge on specific issues (see *O'Shields v. State,* 55 Ga. 696 (4) (1876)), and we find the charges given here were adequate. This enumeration of error is without merit.

For the reasons stated above, the judgment for appellant Lonnie Burnett is affirmed. The judgment against appellant Mildred Burnett is reversed for a new trial on the issue of damages, appellee's liability having been established by the verdict for her husband.

*Judgment affirmed in part and reversed in part. Shulman and Birdsong, JJ., concur.*

SUBMITTED OCTOBER 11, 1977 — DECIDED JANUARY 4, 1978.

*Benjamin Zeesman,* for appellants.

*Jay, Garden, Sherrell & Smith, Clayton Jay, Jr.,* for appellee.