**Coye TIMMS and Sheila D. Timms, Plaintiffs,**

v.

**VERSON ALLSTEEL PRESS COMPANY, Defendant.**

**Civ. A. No. C79–110R.**

United States District Court, N. D. Georgia, Rome Division.

Aug. 31, 1981.

---

**1148**

Oscar Smith, Jackson Harris, Smith, Shaw, Maddox, Davidson & Graham, Rome, Ga., for defendant.

Gerry E. Holmes, E. Lamar Gammage Jr., Mundy & Gammage, Cedartown, for plaintiffs.

## ORDER

HAROLD L. MURPHY, District Judge.

This is a products liability case in which the plaintiff claims that the power press brake manufactured by the defendant was defective. Plaintiff lost a number of fingers on both hands when the press descended on his hands while he was operating the machine.

On May 22, 1981, this Court denied defendant's motion for summary judgment. After thoroughly reviewing the arguments of the defendant, the Court held that numerous factual questions required resolution by a jury: Was the machine unreasonably dangerous due to its propensity to descend without being triggered? Was the machine defective because of the absence of point of operation guards? Was the plaintiff aware that the machine might descend without being activated? If so, did he act unreasonably in continuing to use the machine? Is the plaintiff barred from recovery by the fact that he disregarded a warning sign[1] and placed metal parts in the machine by hand? Could the defendant foresee that this was how the machine would be used?

Before the Court is defendant's motion to reconsider the May 22, 1981 order. The arguments presented on this motion for reconsideration rehash those presented in the original motion. The Court reaffirms the initial order.

One additional issue has been raised by the defendant which requires consideration: May the spouse of a products liability plaintiff—a plaintiff proceeding solely under Ga. Code § 105–106 (1981)[2]—maintain an action

---

1. The warning sign cautioned operators to never place their hands in the machine. However, the warning sign did not advise operators that the press brake tended to descend without activation.

2. The pertinent portion of Ga.Code § 105–106 (1981) provides:

for loss of consortium? The defendant, relying exclusively on the words of the statute and the case of *Ford Motor Company v. Carter*, 239 Ga. 657, 238 S.E.2d 361 (1977), argues that the spouse, Sheila Timms, has no cause of action. The plaintiffs, citing no contrary decisions, argue that the wife may maintain this action.

### A.

█ Until thirty years ago, it was held universally that a wife could not sue a tortfeasor for loss of consortium when her husband was negligently injured.[3]

In 1950, the United States Court of Appeals for the District of Columbia Circuit held that

in light of the existing law of this jurisdiction, in light of the specious and fallacious reasoning of those cases from other jurisdictions which have decided the question, and in light of the demonstrable desirability of the rule under the circumstances, a wife has a cause of action for loss of *consortium* due to a negligent injury to her husband.

*Hitaffer v. Argonne Co.*, 183 F.2d 811, 819 (D.C.Cir.1950).

Georgia was the first state to adopt the *Hitaffer* result. *Brown v. Georgia-Tennessee Coaches, Inc.*, 88 Ga.App. 519, 77 S.E.2d 24 (1953). In fact, one year before *Hitaffer* was decided, the Georgia Court of Appeals was equally divided on the question. *McDade v. West*, 80 Ga.App. 481, 56 S.E.2d 299 (1949). None can doubt, then, that Georgia was in the vanguard in recognizing the consortium cause of action in favor of the wife. A recent survey revealed that forty-two jurisdictions currently allow recovery by a wife. *American Export Lines,*

*Inc. v. Alvez*, 446 U.S. 274, 284–85 n.11, 100 S.Ct. 1673, 1679 n.11, 64 L.Ed.2d 284 (1980).

### B.

█ Damages for loss of consortium are designed to compensate the spouse for the loss of services, sexual intercourse, society and affectionate relations. *See*, PROSSER, *supra*, at 894. The Georgia Court of Appeals enumerated the elements of consortium as "society, companionship, love, affection, aid, services, cooperation, sexual relations, and comfort, such being special rights and duties growing out of the marriage covenants." *Smith v. Tri-State Culvert Mfg. Co. Inc.*, 126 Ga.App. 508, 510, 191 S.E.2d 92 (1972). The wife's cause of action for loss of consortium redresses an independent wrong committed directly against the wife. *Brown v. Georgia-Tennessee, supra*, 88 Ga.App. at 524, 77 S.E.2d 24. The claims of the husband and wife are separate and distinct. *Campbell v. City of Atlanta*, 117 Ga.App. 824, 162 S.E.2d 213 (1968).

█ A consortium claim has only two elements: liability and damage. Liability is established by showing solely that the defendant has tortiously injured the consortium claimant's spouse; damages are established as in any other tort case. *Smith v. Tri-State, supra*, 126 Ga.App. at 510, 191 S.E.2d 92. In *Burnett v. Doster*, 144 Ga. App. 443, 241 S.E.2d 319 (1978) the Court expressly held that the liability component is established "by the verdict awarding [the spouse] damages for personal injuries." *id.* at 444, 241 S.E.2d 319.

### C.

Defendant argues that *Ford Motor Co. v. Carter*, 239 Ga. 657, 238 S.E.2d 361 (1974)

---

(b)(1) The manufacturer of any personal property sold as new property, either directly or through a dealer or any other person, shall be liable in tort, irrespective of privity, to any natural person who may use, consume or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended and its condition when sold is the proximate cause of the injury sustained.

**3.** A wife could maintain an action, however, if the injury resulted from the sale of narcotics or liquor to the husband, *Flandermeyer v. Cooper*, 85 Ohio St. 327, 98 N.E. 102 (1912), and under certain Dramshop Acts, *Benes v. Campion*, 186 Minn. 578, 244 N.W. 72 (1932). *See generally*, Prosser, Law of Torts § 125, p. 894–96 (4th ed. 1971). In these cases, of course, the injury to the husband was considered intentional.

bars the wife's claim in a products liability action. In *Ford*, the plaintiff's husband was killed by the allegedly defective automobile. The wife brought her action under the Georgia Wrongful Death Act, Ga.Code § 105–1302. The Wrongful Death Act provides a cause of action to the surviving spouse if the decedent was the victim of *homicide.* "Homicide", at the time *Ford* was decided, was defined in Ga.Code § 105–1301 as including "all cases where the death of a human being results from a crime or from criminal or other negligence." [4]

The holding in *Ford* rested on the simple reasoning that the plaintiff's decedent did not die as a result of the defendant's criminal or negligent act. The decedent died as a result of an allegedly defectively manufactured product. Since death was not caused by a criminal or negligent act, there was no cause of action under the Wrongful Death Act. As the Court stated,

> As far as the issue on appeal in this case is concerned, if plaintiff can recover for wrongful death against the defendant she must do so under the provisions of Code Ann. §§ 105–1301 thru 105–1302. Upon the same premise she must recover on some theory of negligence as no crime or criminal negligence is involved in her case. This leads us to the question of whether or not the strict liability imposed under Code Ann. § 105–106 embraces negligence. .

*id.,* 239 Ga. at 659, 238 S.E.2d 361. The Georgia Court of Appeals held that § 105–106 imposes liability on a "negligence per se" theory. *Ford Motor Co. v. Carter,* 141 Ga.App. 371, 374, 233 S.E.2d 444 (1977). The Georgia Supreme Court reversed, and the wife's case was dismissed. *Cf. Higginbotham v. Ford Motor Co.,* 540 F.2d 762 (5th Cir. 1976).

■ The defendant reads *Ford* expansively as denying recovery to all individuals except the person initially injured by the defective product. *Ford* does not support such reasoning. Although *Ford* extensively reviewed the basis of a § 105–106 cause of action, its analysis led to only one conclusion: § 105–106 does not impose liability on the basis of negligence. The wife's cause of action was dismissed because she couldn't establish that the death of her husband was compensable under the Wrongful Death Act. Nothing in § 105–106 directly barred the wife's claim. This is evident by the fact that the legislature, in "overruling" *Ford* (*supra* n.4) amended § 105–1301 rather than § 105–106. By including "death caused by defectively manufactured property", in the definition of "homicide", the spouse may now recover for the wrongful death of her husband, in a products liability action.

### D.

The issue presented in this case is one of first impression. The Georgia Courts have never decided whether a wife may maintain an action for loss of consortium in the context of a products liability case.[5] "It now becomes the responsibility of this Court to predict the law by looking to 'all available data'; ... keeping in mind that it must 'choose the rule which it believes the state court, from all that is known about its methods of reaching decisions is likely in the future to adopt.'" *Whitaker v. Harvell-Kilgore Corp.,* 418 F.2d 1010, 1017 (5th Cir. 1969), *citing, Putnam v. Erie City Mfg. Co.,* 338 F.2d 911 (5th Cir. 1964); *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "[I]n any diversity case, a federal court must be sensitive to the doctrinal trends of the state whose law it applies, and the policies which inform the prior adjudications by the state courts." *Becker v. Interstate Properties,* 569 F.2d 1203, 1206 (3rd Cir. 1977).

The risks inherent in the hazard of prophesy are not so great in this case. Although

---

4. In 1978, the legislature "overruled" *Ford* by including death caused by defectively manufactured property.

5. In *McAllister v. American National Red Cross,* 240 Ga. 246, 240 S.E.2d 247 (1977), a husband and wife sued the supplier of defective blood. The wife's claim was based on loss of consortium. The Court held that Code Ann. § 105–1105 barred a § 105–106 claim for defective blood. The validity of the wife's consortium claim was never addressed.

caution has informed many of the Georgia courts' interpretations of § 105–106, *see e. g., Ellis v. Rich's Inc.*, 233 Ga. 573, 212 S.E.2d 373 (1975); *Ford Motor Co. v. Carter*, 239 Ga. 657, 659, 238 S.E.2d 361 (1977), there is no need in this case to construe § 105–106. Rather, the focus is on the nature of the consortium claim.

■ As already noted, a consortium claim is an independent claim asserted against the defendant for the tortious invasion of the wife's consortium rights. The issue can be resolved by simply asking the same question posed in the *Ford* case, quoted on page 4, *supra*: If the plaintiff can recover for loss of consortium against the defendant, she must do so under the rules governing loss of consortium claims (i. e., the spouse has suffered *tortious personal injury*, and the wife has been damaged thereby, see page 4 *supra*). Upon the same premise she must recover on some theory of tort. This leads us to the question of whether or not the strict liability imposed under Code Ann. § 105–106 sounds in tort. The answer is provided in § 105–106 itself: "The manufacturer of any personal property . . . *shall be liable in tort*. . . ."

The husband has been tortiously injured. The wife has been damaged. A loss of consortium claim can be maintained.

The defendant questions whether § 105–106 creates a cause of action in favor of the wife. To that query the court answers as the Court in *McDade v. West, supra*, replied to the same question: "The common law gives a remedy wherever a right is violated, and so does our law in Code § 85–1802. . . ." *id.*, 80 Ga.App. at 486, 56 S.E.2d 299. The majesty of Georgia law is expressed in § 85–1802: "For every violation of a contract express or implied, and for every injury done by another to person or property, the law gives a right to recover. . . ."

Scanning the decisions in other jurisdictions, the Court has not found a single case where a consortium claim was dismissed in a products liability action. To the contrary, the decisions do not even question the validity of a consortium claim. *See, e. g., Gray v. General Motors Corp.*, 434 F.2d 110, 112 (8th Cir. 1970) (applying Minnesota law); *Manning v. Altec, Inc.*, 488 F.2d 127 (6th Cir. 1973) (applying Tennessee law); *Stevens v. Kanematsu-Gosho Co., Inc.*, 494 F.2d 367 (1st Cir. 1974) (applying New Hampshire law); *Longenecker v. General Motors Corp.*, 594 F.2d 1283 (9th Cir. 1979) (applying Oregon law); *Steinmetz v. Bradbury Co., Inc.*, 618 F.2d 21 (8th Cir. 1980) (applying Iowa law); *Dawson v. Chrysler Corp.*, 630 F.2d 950 (3rd Cir. 1980) (applying New Jersey law); *Hall v. General Motors Corp.*, 647 F.2d 175 (D.C.Cir.1980) (applying D.C. law).

In *Brown v. Georgia-Tennessee, supra*, where the cause of action in favor of the wife was first recognized, the Court concluded its lengthy opinion with the following words:

> No appellate court in Georgia has ever denied the wife a right of recovery in such an action and, as Georgia courts make their own interpretations of common law, this court is not acting beyond its powers in recognizing the right at this time. Such decisions as this do not involve a disregard of statutes, or sound rules of conduct or any constitutional provision . . . . It is appropriate in this day, when human rights are on the tongues and in the hearts and minds of men, women, and children everywhere, and when the very existence of civilization depends on whether fundamental human rights shall survive, for this court to recognize and enforce this right of a wife, a right based on the sacred relationship of marriage and home.

*id.*, 88 Ga.App. at 532–533, 77 S.E.2d 24.

ACCORDINGLY, defendant's motion to dismiss Sheila Timms as a plaintiff is DENIED.