A01A0513. RUFFIN v. BANKS et al.
(548 SE2d 61)

MILLER, Judge.

The primary question on appeal is whether a party's express refusal to participate in the takedown costs of a civil trial precludes

---

[3] *Aldridge v. Fed. Land Bank of Columbia*, 203 Ga. 285, 289 (46 SE2d 578) (1948).

that party from later compelling the court reporter to transcribe the trial. Since the parties who paid the takedown costs objected to the transcription, we hold that the trial court did not err in refusing to order the transcription.

In her 1996 will, Elma P. Ruffin bequeathed her husband Clifford V. Ruffin a life estate in her home and furnishings. A 1995 warranty deed, however, purportedly executed by Elma B. Ruffin, gave Elma's son and grandson fee simple title to the home. After Elma's death in 1997, the son initiated dispossessory proceedings to evict Clifford from the home. Claiming the deed was a forgery, Clifford filed an action against the son and grandson to set it aside. The son counterclaimed to have Clifford removed from the home.

In his portion of the proposed pre-trial order, Clifford announced that he did not want the case reported. A bench trial ensued, at the beginning of which Clifford expressly refused to participate in the takedown costs. The defendants stated that they wanted it reported and paid the takedown costs. The court found the deed was valid and ordered Clifford to leave the home. Clifford appealed, and the defendants moved for a supersedeas bond, which the court granted.

Over the defendants' objections, Clifford moved the court to order the court reporter to transcribe the trial. Finding that the defendants owned any potential transcript, the court denied the motion. Consequently, Clifford was unable to file a transcript with the trial court clerk, whom he had directed to include the transcript in the appellate record. The appeal languished in the trial court until the defendants moved to dismiss the appeal under OCGA § 5-6-48 (c). The trial court held a hearing, found Clifford had caused an unreasonable delay in the transmission of the record, and dismissed the appeal. Clifford amended his notice of appeal to include an appeal from this order also.

1. In his second enumeration of error, Clifford contends that since he was willing to pay transcription costs, the court erred in not ordering the court reporter to transcribe the trial. *Harrington v. Harrington*[1] held that where the defendant expressly refused to participate in the takedown costs, "the defendant could not compel the reporter to transcribe his stenographic notes even though the defendant offered to pay the entire cost of reporting the case and the cost of transcribing the same. . . ." Thus, *Harrington* affirmed the trial court's refusal to order the transcription.[2] Subsequent cases have held similarly.[3] If, however, the transcript is already prepared and

---

[1] 224 Ga. 305-306 (2) (161 SE2d 862) (1968).

[2] Id. at 306 (2).

[3] *Tow v. Reed*, 180 Ga. App. 609, 610 (349 SE2d 829) (1986); *Giffen v. Burrell*, 176 Ga. App. 278, 280 (335 SE2d 616) (1985) (on motion for rehearing); *Nixdorf Enterprises v. Bell*,

filed with the trial court, it becomes part of the public record to which all members of the public have reasonable access.[4]

Here Clifford filed a pre-trial pleading announcing he did not want the case reported, and according to his attorney and to the trial court's recollection, he expressly refused to participate in takedown costs.[5] He indicated to the court that he consciously did so because of financial concerns in paying the takedown costs. Thus, there is no question that by "inadvertence or mistake"[6] Clifford failed to participate in takedown costs; rather, he made this conscious and express decision based on his finances. In view of defendants' objections, who had paid for the takedown, the trial court did not err in refusing to compel the court reporter to transcribe the trial.

2. The first and fourth enumerations of error require a consideration of the evidence adduced at trial. Without a transcript of the evidence, we cannot consider them.[7]

3. The third enumeration asserts that the court erred in hearing a motion for attorney fees filed by an attorney that the court had earlier disqualified and in issuing an order requiring a supersedeas bond after the notice of appeal was filed. As conceded in Clifford's brief, the court did not rule on the attorney fees motion. Thus, there is nothing for us to review.[8] Regarding the order requiring a supersedeas bond, OCGA § 5-6-46 (a) authorizes a trial court to rule on such motions even though filed after the notice of appeal is filed and after the appeal is docketed in the appellate court. This enumeration is accordingly without merit.

4. In his fifth enumeration, Clifford argues that the court erred in dismissing his appeal of the principal judgment. As set forth above, we have considered the appeal on its merits and concluded that the enumerations lack merit. This renders the fifth enumeration moot.

We express no opinion on the effect of the valid warranty deed on Elma's bequest to Clifford of a life estate in the household furnishings.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

---

127 Ga. App. 617 (1) (194 SE2d 486) (1972); *Master Mtg. Corp. v. Craven*, 127 Ga. App. 367, 368 (1) (193 SE2d 567) (1972).

[4] *Ga. American Ins. Co. v. Varnum*, 182 Ga. App. 907, 908 (1) (357 SE2d 609) (1987).

[5] Compare *Giddings v. Starks*, 240 Ga. 496, 497 (241 SE2d 208) (1978) (silence is not an express refusal).

[6] Id. (decision must be expressly made at beginning of trial so that right to transcript is not lost by mistake or inadvertence).

[7] *Harrington*, supra, 224 Ga. at 306 (3); *Nixdorf*, supra, 127 Ga. App. at 617 (1).

[8] *McGuire v. Norris*, 180 Ga. App. 383, 385 (2) (349 SE2d 261) (1986).

DECIDED APRIL 19, 2001.

*Betty S. Frazer*, for appellant.
*Robert J. Pinnero*, for appellees.