### A04A2252. PRYOR v. THE STATE.
(609 SE2d 694)

MIKELL, Judge.

A jury acquitted Wendi Pryor of the charge of theft by deception.[1] Before trial, Pryor's appointed counsel filed a motion for recordation

---

[1] The record does not contain Pryor's indictment or the verdict; however, we will assume

and transcription. The trial court did not issue a written order; however, it arranged for the trial to be taken down by a court reporter at the expense of Clayton County. No transcript was created in light of Pryor's acquittal. After the trial, Pryor filed a civil action against Value City, the alleged victim in the underlying criminal case. Her counsel filed a "motion to release transcript, tapes, notes and records of trial." The trial court denied the motion. It is from this order that Pryor appeals. We reverse.

The trial court based its decision on the fact that Pryor did not pay the cost of the takedown of the proceedings because she had been declared indigent. However, as an indigent defendant in a misdemeanor case, Pryor could request that the proceedings be taken down and transcribed at the county's expense. See *Parker v. State*, 154 Ga. App. 668 (1) (269 SE2d 518) (1980). The issue is whether she is entitled to a copy of the transcript for use in her civil case rather than for the purpose of an appeal. Significantly, in her motion, Pryor offers to pay the cost of the transcription if the court finds that the county should not bear that expense.

In *Ruffin v. Banks*, 249 Ga. App. 297 (548 SE2d 61) (2001), we held that when a party in a civil case expressly refused to participate in the cost of the takedown of the trial, he could not compel the court reporter to transcribe the case even though he offered to pay the entire cost of the transcription. Id. at 298 (1), citing *Harrington v. Harrington*, 224 Ga. 305-306 (2) (161 SE2d 862) (1968). However, that case made clear that *express refusal* to participate in the cost of the takedown was required. *Ruffin*, supra. Likewise, in *Giddings v. Starks*, 240 Ga. 496 (241 SE2d 208) (1978), the Supreme Court held that a party's "mere failure to respond to inquiries of the reporter" did not amount to an express refusal to participate in the cost of taking down the proceedings and reversed the trial court's denial of the appellant's motion to compel the court reporter to prepare a transcript. In the case sub judice, there was no such express refusal. In fact, Pryor moved that the trial be recorded and transcribed, and it was taken down on her behalf. There is no basis for the trial court's denial of her motion for the transcript, particularly in light of her willingness to pay for the cost of the transcription.

Because we reverse the judgment of the trial court on this ground, we need not address Pryor's remaining enumerated errors.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

---

that Pryor's statement of the case is correct because the state did not file a brief in response to her appeal.

DECIDED JANUARY 21, 2005.

*Farnham & Rothenberg, David J. Farnham, Michael L. Rothenberg,* for appellant.

*Keith C. Martin, Solicitor-General,* for appellee.