## 24566.   HARRINGTON v. HARRINGTON.

FRANKUM, Justice.   1.   Where it appeared that the case had been previously continued several times on account of the defendant's condition of nervousness and that when the court granted the continuance next preceding the motion for a continuance here in question, it was granted on condition that the defendant either be present at the next term of court and ready for trial or that her deposition be taken, which order was acquiesced in by the defendant, but not complied with, the trial judge did not abuse his discretion in refusing the motion for a further continuance based upon the same ground.

2. *Code Ann.* § 24-3103 provides for the rate of compensation to be paid to court reporters for taking down the evidence in civil cases, and it provides that such compensation is to be paid by the parties who agree that the evidence shall be taken down upon such terms as they may prescribe for themselves, or that in cases where they fail to agree as to the payment thereof, it shall be paid in such manner as may be prescribed by the presiding judge.   There is no law which requires that testimony adduced on the trial of civil cases be reported. *Delphion Co. v. Crankshaw,* 25 Ga. App. 672 (3) (104 SE 455).   Therefore, unless a case is reported in accordance with the provisions of the foregoing Code section or by direction of the presiding judge under *Code* § 24-3101, it is not reported *as provided by law,* and where the official court reporter takes stenographic notes of the testimony in a civil case pursuant to an agreement with one of the parties, in which agreement the other party expressly declines to join, he has no duty under *Code Ann.* § 24-3105 to transcribe the same.   His duty to transcribe his notes would arise only under his contract with the party who employed him.   Accordingly, where as in this case, the plaintiff agreed with the reporter that he should take notes on the testimony given on the trial of the case; that the plaintiff alone would be responsible for the fees to be paid for such service, in which agreement the defendant expressly refused to participate, and where the trial court made no order respecting the reporting of the case under the provisions of either *Code* § 24-3101, or *Code Ann.* § 24-3103, the defendant could not compel the reporter to transcribe his stenographic notes even though the defendant offered to pay the entire cost of reporting the case

and the cost of transcribing the same, and it follows that the trial court did not err in refusing to order the reporter to furnish the defendant with a transcript of the evidence.

3. Since the other enumerations of error require a consideration of the evidence adduced at the trial, and there being no transcript of the evidence in the record, they cannot be considered.

*Judgment affirmed. All the Justices concur.*

Submitted April 8, 1968—Decided April 22, 1968.

*John Kirby*, for appellant.

*E. B. Judge*, for appellee.