46290.   ROBINSON v. J. C. PENNEY COMPANY, INC.

JORDAN, Presiding Judge. The plaintiff, Mrs. Robinson, was acquitted in the Criminal Court of DeKalb County of the misdemeanor offense of theft by taking based on an incident at a Treasure Island Department Store operated by the defendant corporation. She then sought to recover damages in tort from the defendant for alleged false imprisonment, false arrest, slander, malicious prosecution, and assault and battery, based on the events which led to her trial and acquittal.

At the trial of the alleged misdemeanor, counsel for Mrs. Robinson, acting in her behalf, employed Edward Noriega, a court reporter for the Superior Court of DeKalb County, to take down the proceedings, and Mrs. Robinson paid for these services. Following instigation of the tort action counsel for the defendant sought the deposition of this reporter and, through subpoena duces tecum, a transcript of the proceedings of the trial.

The present appeal by the plaintiff is from an interlocutory order, duly certified, dissolving a temporary restraining order and overruling a motion for a protective and restraining order to prevent taking Noriega's deposition or obtaining a transcript or any information contained therein. *Held:*

The action of Mrs. Robinson in hiring and paying an official court reporter to take down the proceedings in the misdemeanor trial discloses a private contract for the services of a court reporter which was neither required by law, nor prohibited. Absent anything to the contrary before this court we also proceed on the premise the action was taken without any direction from the trial judge.

The statutory mandate for reporting criminal trials (*Code* § 27-2401) is limited to the trial of a felony offense and by its express terms does not impeach or avoid the operation of the general statutory rule for compensating court reporters (Ga. L. 1968, p. 1320; *Code Ann.* § 24-3104) which covers the taking down of testimony in a criminal case as required by law, and the preparation of a transcript when directed by the judge. But even if taking down the proceedings as here involved is not required by law, and in this respect it is somewhat analogous to the situation disclosed in *Harrington v. Harrington,* 224 Ga. 305 (161 SE2d 862), it is dissimilar to the extent that there the person seeking the transcript in a civil proceeding, apparently for appeal purposes, was a party who had expressly refused to participate in hiring a reporter, and the reporter had no duty to provide this party with a transcript, even though the party was thereafter willing to pay the full costs. The Supreme Court merely upheld the trial judge in refusing to order the reporter to furnish this service, and there is nothing in the case to disclose any reason for consideration for application of any discovery-deposition rules, whereas the present case is one for consideration and application of these rules.

The plaintiff asserted in her motion in the trial court that "as a matter of law. . . [the attorneys for the defendant] are not entitled to the transcript of said criminal proceeding or any information contained in said transcript or take-down of said pro-

ceeding, such transcript and information being the sole property of the plaintiff and also being a part of plaintiff's attorney's work product."

In our opinion the reasons as stated are untenable. Quite obviously the purpose of Rule 26 (b); CPA § 26 (b); *Code Ann.* § 81A-126 (b), is to enable a party to examine any relevant matter, not privileged, which may or may not be the sole property of another, and the protection available under Rule 30 (b, d), is expressed in terms of an "order which justice requires to protect the party or witness from annoyance, embarrassment, or opression" or to terminate or limit an examination "being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party." And even though an accurate transcript of the testimony adduced at the misdemeanor trial may be available only because of the foresightedness of the plaintiff's counsel, who may have hired the reporter with the present litigation in mind, or for other reasons as well, including an appeal in the event of conviction, it is nonetheless merely a record of the proceedings of a public trial, which is sought from the reporter, not the attorney. We do not view this as "simply an attempt, without purported necessity or justification, to secure written statements, private memoranda and personal recollection prepared or formed by an adverse party's counsel in the course of his legal duties" which "falls outside the arena of discovery and contravenes the public policy underlying the orderly prosecution and defense of legal claims" as the privileged work product of an attorney. Hickman v. Taylor, 329 U. S. 495, 510 (67 SC 385, 91 LE 451).

Further, even prior to our discovery rule, it has long been the rule that trial courts are empowered, even without notice to produce being first served, to require the production of any paper by a party who is present in court, who has possession thereof if material to the case. " 'The trial court has the power to require, and should require, the production of any pertinent documentary evidence which may illustrate the issue, and which is within the power or custody of any person then personally in court, except where the disclosure is prevented by privilege.' *Atlantic C. L. R.*

*Co. v. Hill,* 12 Ga. App. 392 (3), 396 (77 SE 316)." *Hamlin v. Lupo,* 24 Ga. App. 408 (1) (101 SE 5).

The defendant, as the appellee, asks that this court provide ample protection for the reporter's time and expense, but this is not in issue in the case. Nothing herein said, however, is intended to exempt the appellee from paying the reporter his usual compensation for providing a transcript of the proceedings of a public trial.

> *Judgment affirmed. Eberhardt and Evans, JJ., concur.*
> ARGUED JUNE 2, 1971—DECIDED JULY 9, 1971.

*Westmoreland, Hall & Bryan, C. Wilbur Warner, Jr.,* for appellant.

*Neely, Freeman & Hawkins, Thomas H. Harper, Jr.,* for appellee.