## 32638. RICE v. RICE.

MARSHALL, Justice.

The defendant husband appeals from the order denying his motion to dismiss his wife's suit for divorce and alimony on the ground of lack of personal jurisdiction.

1. It was not harmful, if error, for the trial judge, hearing the case without a jury, to require the production by the defendant, on the hearing of his motion to dismiss, of certain nonprivileged documents material to the issue of the defendant's residence, which documents were in the courtroom in the physical possession of the defendant's counsel and were to have been produced at the rule nisi hearing pursuant to the plaintiff's motion to produce. "[E]ven prior to our discovery rule, it has long been the rule that trial courts are empowered, even without notice to produce being first served, to require the production of any paper by a party who is present in court, who has

possession thereof if material to the case." *Robinson v. J. C. Penney Co.*, 124 Ga. App. 221, 223 (183 SE2d 782) (1971). " 'The trial court has the power to require, and should require, the production of any pertinent documentary evidence which may illustrate the issue, and which is within the power or custody of any person then personally in court, except where the disclosure is prevented by privilege.' *Atlantic C. L. R. Co. v. Hill,* 12 Ga. App. 392 (3), 396 (77 SE 316)." *Hamlin v. Lupo,* 24 Ga. App. 408 (1) (101 SE 5) (1919). See also *Rylee v. Bank of Statham,* 7 Ga. App. 489 (1) (67 SE 383) (1909).

2. The trial judge did not err in finding that personal service on the defendant in Tennessee was valid, where there was evidence that, at the time of service of the complaint, he was a resident of Georgia, e.g., that he owned property here, received mail here, filed federal and state tax returns here, titled his motor vehicles here, and purchased motor vehicle license tags and safety inspection stickers here. Code Ann. § 81A-104 (e)(2)(i) (Ga. L. 1966, pp. 609, 610; as amended); *Charamond v. Charamond,* 240 Ga. 34 (1977); *Whitaker v. Whitaker,* 237 Ga. 895 (230 SE2d 486) (1976).

The trial judge did not err in denying the motion to dismiss for lack of personal jurisdiction, and in entering a personal judgment against the defendant.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 12, 1977 — DECIDED NOVEMBER 2, 1977 —
REHEARING DENIED NOVEMBER 29, 1977.

*Bennett & Womack, Ronald R. Womack,* for appellant.

*Brown, Harriss, Hartman & Ruskaup, Robert J. Harriss, William Ralph Hill, Jr.,* for appellee.