## 32613. GIDDINGS et al. v. STARKS et al.

PER CURIAM.

This appeal arises out of a case involving title to land. After losing at trial, appellants filed an extraordinary motion with this court seeking a trial transcript for their appeal. By order, we directed the superior court to hold a hearing to determine whether appellants could compel the reporter to prepare a transcript under our holding in *Harrington v. Harrington,* 224 Ga. 305 (161 SE2d 862) (1968). The trial court held that they could not, and this opinion deals only with that issue.

In findings of fact the trial court found that appellants had failed to make any arrangements prior to trial for the reporting of the case. The official court reporter did record the proceedings in accordance with her arrangements with counsel for appellees, and at three times during the trial she asked counsel for appellants if they wished to share in the costs of taking down the proceedings. Counsel "failed to make any affirmative response" to these questions, and after trial the reporter refused to prepare a transcript for appellants.

The trial court concluded as a matter of law that the failure to respond to these questions amounted to an "express" refusal to participate in the costs, and that *Harrington* precluded appellants from compelling the reporter to prepare a transcript. We reverse.

The trial court's interpretation of the word "express" is too broad, since in this context we intend it to be understood in the sense of "[m]anifested by direct and appropriate language, as distinguished from that which is inferred from conduct." Black's Law Dictionary (4th Ed. 1968). The mere failure to respond to inquiries of the reporter does not amount to an "express" refusal.

Moreover, in order to invoke the *Harrington* rule a party must make the express refusal known to the judge before trial in order that he may exercise his supervisory role over the proceedings and the reporter. The official court reporter always acts as an officer of the court when taking notes of the proceedings, and in this capacity the reporter acts under the direction of the judge. Code Ann. §§ 24-3101, 24-3102. The duties of the reporter are set by

law, not by private contract. No private agreement of the reporter and one party can prejudice the rights of the other party to have a transcript of the proceedings prepared. Code Ann. § 24-3105. If a party wishes to rely upon the *Harrington* rule, he must invoke a ruling of the trial judge at the commencement of the proceedings, that his opponent has expressly refused to participate in the costs of reporting.

By placing this affirmative burden on the party seeking a forfeiture of the right of his opponent we intend to avoid the possibility that a party will lose this important right by inadvertence or mistake. Where official notes of the proceedings exists, we are extremely reluctant to hold that one party cannot have a transcript prepared, since a transcript may be necessary for effective appellate review.

The trial court has ample authority to prevent any party from taking advantage of his opponent by failing to agree to pay for the costs of a reporter until after trial (when he can be certain that he needs the transcript). Moreover, we feel there is a greater risk that one party will take advantage of the *Harrington* rule to unfairly deprive his opponent of a transcript if we do not restrict this rule as we have done in this opinion. The abuse of the *Harrington* rule would be far more serious than the abuses relating only to the costs of reporting.

Therefore, we reverse the order of the trial court, and direct that appellant be promptly furnished a transcript for the purpose of appeal, on the condition that appellant pay one-half of the reasonable cost of reporting the proceedings in addition to the costs of the transcript.

*Judgment reversed with direction. All the Justices concur, except Marshall, J., who dissents.*

SUBMITTED NOVEMBER 4, 1977 — DECIDED JANUARY 3, 1978 — REHEARING DENIED JANUARY 18, 1978.

*E. Lynn Mitchell,* for appellants.

*Elkins & Flournoy, Thomas M. Flournoy, Jr.,* for appellees.