## 33436. PERDUE v. TYLER et al.

BOWLES, Justice.

This is an appeal from an order of the Superior Court of Fulton County, which permanently enjoined the appellee, a state court reporter, from transcribing his notes for the benefit of any party other than the American Consumer Life Insurance Company.

The American Consumer Life Insurance Company filed suit against Amerecon Agency, Inc., and Jack B. Perdue in the State Court of Fulton County. Prior to the trial of that case, Eddie Tyler, a state court reporter, entered the courtroom and asked the parties who had requested a court reporter. Counsel for the plaintiff,

American Consumer Life, stated that he had. Counsel for the defendant, Jack Perdue, did not reply to the reporter's inquiry. All testimony and other proceedings in the case were thereupon recorded by Tyler. At the conclusion of trial, a verdict was returned in favor of the plaintiff against both defendants.

After trial, Tyler sent an invoice to defendant Perdue's counsel requesting payment for one-half of the take down fee. Defendant's counsel remitted a check to Tyler for the amount requested. However, Tyler returned the check to defendant's counsel with a letter stating that counsel for the plaintiff, American Consumer Life Insurance Company, had informed him that he alone was responsible for the entire take down fee because he had requested the case to be reported. Tyler further informed defendant's counsel that plaintiff was prepared to bring an action seeking to enjoin Tyler from transcribing the case for the defendant.

American Consumer Life Insurance then brought a complaint in the Fulton County Superior Court against court reporter Tyler (hereinafter referred to as appellee) seeking to restrain him from preparing a transcript of the proceedings in said case. By order, Jack Perdue (hereinafter referred to as appellant) was added as intervenor-defendant.

After hearing evidence, the court entered an order permanently enjoining the appellee from furnishing a copy of the transcript in said proceedings to anyone other than the American Consumer Life Insurance Company. The lower court, recognizing Rule 35 of the State Court of Fulton County, however, held that because the "intervenor-defendant made no statement for the record that he was relying on that rule, nor did he get the court to speak to the operation of the rule" the rule did not apply and, therefore, the case was controlled by our decision in *Harrington v. Harrington*, 224 Ga. 305 (161 SE2d 862) (1968). We reverse.

Rule 35 of the Civil Court of Fulton County, which in January of 1977 was made applicable to the newly created State Court of Fulton County,[1] provides that, "The court

---

[1] Section 13 of the Act creating the State Court of

may require a case to be reported at any time, *the expense of reporting being divided between the parties.* In a case involving $300 or more, *the court automatically directs that the case be reported unless all parties agree that the case will not be appealed."* (Emphasis supplied.)

It is clear from a reading of Rule 35 that in those cases involving $300 or more, where the parties have not agreed that the case will not be appealed, the case is automatically reported and the expense divided between the parties.

The instant case involved a sum in excess of $300 and, since the parties did not agree prior to trial that the case would not be appealed, the court should have automatically directed the case to be reported and the expense divided between the parties pursuant to Rule 35.

Rules promulgated by the court pursuant to their rule-making authority are binding on those who practice in the court and must be observed. Code Ann. § 24-106; *Chapman v. Gray,* 8 Ga. 337 (3) (1850); *Hicks v. Maple Valley Corp.,* 223 Ga. 577 (156 SE2d 904) (1967); *King v. Skinner,* 101 Ga. App. 102 (2) (112 SE2d 789) (1960). It was not necessary for the appellant to state for the record that he was relying on Rule 35 nor was it necessary for him to get the court to speak to the operation of the rule in order to rely thereon.

Since Rule 35 controls the disposition of this case, the lower court's reliance upon *Harrington v. Harrington,* supra, was misplaced, and therefore, the judgment of the lower court must be reversed. See also *Giddings v. Starkes,* 240 Ga. 496 (241 SE2d 208) (1978).

---

Fulton County, Ga. L. 1976, p. 2023, expressly provides that, "The organization of said State Court of Fulton County, *its procedures, and practices,* its officers and employees, and its powers and jurisdiction, are by the provisions of this Act unchanged, unaltered and undiminished, and the same original acts, and the amendatory acts thereof, establishing the Criminal Court of Fulton County and the Civil Court of Fulton County *are brought forth as if fully re-enacted herein and are made the laws governing the State Court of* Fulton County." (Emphasis supplied.)

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 11, 1978 — DECIDED MAY 2, 1978.

*Krebs & Associates, Peter J. Krebs, Linda C. Krebs,* for appellant.

*Oehlert, Kermish, Labovitz, Marcus, Brazier & Rosenberg, Benjamin H. Oehlert, III, Patrick, Warner & Bramhall, Douglas B. Warner,* for appellees.