## 63029. VAUGHAN v. THE STATE.

CARLEY, Judge.

On December 3, 1979, appellant entered a plea of nolo contendere to a charge of burglary. A probated sentence of five years was entered on that date. On January 2, 1980, appellant filed a motion to withdraw his plea. However, because appellant's motion was not "presented along with . . . a Rule Nisi," as apparently would have been required with regard to such motions under the local rules, it was not brought to the attention of the trial court. Thereafter and without any effort having been made to secure a ruling on the motion to withdraw the original plea, appellant's probated sentence was revoked and then restored. In July of 1981, a year and a half after the

motion had been filed, appellant did present to the trial court a rule nisi order concerning his motion to vacate the original plea. The trial court dismissed appellant's motion to withdraw his plea, finding "that the Motion . . . was not pursued after it was filed and was for all practical purposes abandoned." Appellant appeals from this order dismissing the motion to withdraw his plea.

Although the right is recognized (*Griffin v. State,* 12 Ga. App. 615 (1) (77 SE 1080) (1912)), "there is no statutory provision for the filing of motions to withdraw guilty pleas [after pronouncement of sentence]." *Conlogue v. State,* 243 Ga. 141, 144 (253 SE2d 168) (1979). Therefore, the local rule requiring that the motion to withdraw a plea be filed with a rule nisi is not in conflict with the general laws of this state (see *Fulton County v. Latter Day Saints,* 133 Ga. App. 847, 852 (2) (212 SE2d 451) (1975)), and is controlling in the instant case. *Perdue v. Tyler,* 241 Ga. 299 (245 SE2d 276) (1978). Thus, the sole question on appeal is whether the trial court erred in dismissing appellant's motion as abandoned because the rule nisi was not presented until some eighteen months after the motion was itself filed. See *King v. Skinner,* 101 Ga. App. 102 (2) (112 SE2d 789) (1960).

We find no cases on all fours with the facts that exist in the instant appeal. However, *Stoner v. McDougall,* 235 Ga. 171 (219 SE2d 138) (1975) presents a closely analogous situation also involving a post-judgment motion. In *Stoner* the issue was the authority of a trial court to dismiss as abandoned a timely filed motion for new trial, under a statute, Code Ann. § 70-306, requiring that the motion also be served with a rule nisi. In *Stoner,* as is apparently true in the instant case, service of motion had been perfected but no rule nisi had been obtained. On these facts, the Supreme Court held: "The failure to attach a rule nisi to a motion for new trial does not demand a dismissal of the motion. *The trial judge in his discretion may dismiss it or continue the matter until the motion is perfected.*" (Emphasis supplied.) *Stoner,* 235 Ga. at 172, supra. Therefore, by analogy the issue in the instant case is whether the trial court abused its discretion in dismissing appellant's motion where the rule nisi on that motion was not presented until a year and a half later, after two proceedings concerning the sentence entered on the judgment accepting appellant's plea had already been conducted and the issues raised therein resolved. Our review of the record indicates no abuse of discretion in dismissing appellant's motion under these circumstances. Cf. *McMullen v. Citizens Bank,* 123 Ga. 400 (3) (51 SE 342) (1905); *Harvey v. State,* 16 Ga. App. 252 (85 SE 82) (1915).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

*Troy R. Millikan,* for appellant.
*Jeff Wayne, District Attorney, Charles H. Frier, Assistant District Attorney,* for appellee.