73012. TOW v. REED.
(349 SE2d 829)

SOGNIER, Judge.
Robert Reed brought suit against L. J. Tow for attorney fees. The jury returned a verdict in favor of Reed and the trial court dismissed Tow's motion for a new trial on the basis that Tow's failure to provide a transcript of the trial proceedings rendered the court unable to review the errors enumerated in Tow's motion. Tow appeals from the dismissal of his motion and further seeks an order to compel Reed to authorize the court reporter to prepare a transcript for Tow.

Appellee filed suit against appellant for attorney fees in August 1984. Appellant was acting *pro se* when the case came on for trial 18 months later. The court reporter testified during the hearing on appellant's motion for a new trial that she inquired in open court as to whether the parties wanted the trial proceedings reported and transcribed. At that time, appellee responded affirmatively; appellant, however, declined to participate and further refused to be responsible for half of the cost. Appellee subsequently paid the court reporter the full cost for the reporting of the trial. Appellant testified that he thought a transcript was provided "automatically," and that he could not remember the court reporter making any comments about the transcript. However, appellant did not deny the court reporter's testimony or appellee's counsel's statement in place that appellant in open

court responded negatively to the court reporter's query about the reporting of the proceedings and refused to share the cost of the report of the trial.

The Supreme Court in *Harrington v. Harrington*, 224 Ga. 305 (2) (161 SE2d 862) (1968) ruled that unless a case is reported as provided by law, "where the official court reporter takes stenographic notes of the testimony in a civil case pursuant to an agreement with one of the parties, in which agreement the other party expressly declines to join, [the court reporter] has no duty under [OCGA § 15-14-5] to transcribe the same. His duty to transcribe his notes would arise only under his contract with the party who employed him." Here, as in *Harrington*, appellee agreed with the court reporter that she should take notes on the testimony given on the trial of the case and that appellee alone would be responsible for the fees to be paid for such service, in which agreement appellant expressly refused to participate. Further, as in *Harrington*, no order was made by the trial court respecting the reporting of the case under the provisions of OCGA § 15-14-1 et seq. Thus, appellant "could not compel the reporter to transcribe [her] stenographic notes even though [appellant] offered to pay the entire cost of reporting the case and the cost of transcribing the same, and it follows that the trial court did not err in refusing to order the reporter to furnish [appellant] with a transcript of the evidence." Id. at 305-306 (2). See also *Giffen v. Burrell*, 176 Ga. App. 278, 280 (335 SE2d 616) (1985).

The case sub judice is distinguishable from *Giddings v. Starks*, 240 Ga. 496 (241 SE2d 208) (1978), in which there was a pre-trial private agreement by the parties regarding the transcript with no express refusal to participate in the costs when inquiry was made in open court. Rather, the record here supports the trial court's finding that appellant, in open court, "clearly and distinctly stated that [appellant] did not desire to have the testimony transcribed and that he did not desire to share the cost of the take-down." Thus, the concern in *Giddings*, supra, that a party might lose by inadvertence or mistake its right to have a transcript of the proceedings prepared, is not in issue here; rather, this is an instance in which a trial court has "prevent[ed a] party from taking advantage of his opponent by failing to agree to pay for the costs of a reporter until after trial (when he can be certain that he needs the transcript)." Id. at 497.

Therefore, we deny appellant's request to compel appellee to authorize the court reporter to prepare a transcript for appellant. Accordingly, with no transcript before us, we affirm the trial court's dismissal of appellant's motion for new trial. See *Harrington*, supra at 306 (3). Although it is with great reluctance that we dispose of this appeal solely on procedural grounds, nevertheless, as stated by Justice Logan E. Bleckley, in *Cochran v. State*, 62 Ga. 731 (1879),

"[t]hose who are impatient with the forms of law ought to reflect that it is through form that all organization is reached. Matter without form is chaos; power without form is anarchy."

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 20, 1986.

*H. Bradford Morris, Jr.*, for appellant.
Robert J. Reed, *pro se.*