73990. GEORGIA AMERICAN INSURANCE COMPANY
v. VARNUM.
(357 SE2d 609)

BENHAM, Judge.

Appellee Varnum sued appellant, her automobile casualty insurer, to recover optional personal injury protection benefits. Prior to trial, appellant made arrangements with the court reporter to have the trial testimony taken down. When a judgment was entered based on a jury verdict in favor of appellee, appellant appealed, and the court reporter completed the trial transcript and filed it with the clerk of the trial court. OCGA § 5-6-41 (e). Upon this court's reversal of the judgment entered (179 Ga. App. 195 (345 SE2d 863) (1986)), the case was remanded for a new trial, and counsel for appellee requested a copy of the transcript of the first trial for use at the second trial. Appellant sought and was granted a protective order that prevented appellee from obtaining a copy of the trial transcript from the court reporter, but permitted appellee "to use the official copy of the transcript, provided the transcript is not removed from the courthouse or machine-copied." Unsatisfied with the limited protection given by the trial court's order, appellant filed an application for interlocutory review, which we granted.

1. Appellant maintains that the ruling enunciated by the Supreme Court in *Harrington v. Harrington,* 224 Ga. 305 (2) (161 SE2d 862) (1968), is applicable to the case at bar and required the trial court to refuse appellee access to the trial transcript. In *Harrington,* the Supreme Court held that where one party in a case not statutorily

required to be taken down (see OCGA § 5-6-41) makes arrangements with the court reporter to take down the testimony and agrees to be financially responsible therefor, and the other party expressly refuses to participate in the take-down agreement, the non-participating party cannot compel transcription of the reporter's notes. We do not deem *Harrington* applicable in light of the factual setting of the case at bar: the trial court did not order transcription of the court reporter's stenographic notes; rather, it only allowed appellee access to the previously-transcribed transcript filed with the clerk of the court. Since an accurate transcript of the testimony adduced at the first trial, available only because of the foresightedness of appellant's counsel, "is nonetheless merely a record of the proceedings of a public trial" (*Robinson v. J. C. Penney Co.*, 124 Ga. App. 221, 223 (183 SE2d 782) (1971)), it may be said that once a transcript is filed with the trial court pursuant to OCGA § 5-6-41 (e), the transcript becomes a matter of public record to which all members of the public have access, subject to reasonable limitations imposed by the trial court or the clerk in whose custody it reposes. One of the purposes behind the requirement that the trial court clerk retain a duplicate of the transcript and record sent to the appellate courts is "to afford local counsel . . . convenient access to the exact duplicate copy of the record. . . ." *Law v. Smith*, 226 Ga. 298, 300 (174 SE2d 893) (1970). Under the *Harrington* rule, a party who contracts with a court reporter for recording of the proceedings, in which contract the other party has expressly refused to participate, has exclusive rights to the preparation of a trial transcript. We now hold that once the prepared transcript is filed with the trial court clerk, it becomes a matter of public record to which all members of the public have reasonable access. While appellant may have had exclusive rights to the court reporter's notes, that exclusivity did not extend to a matter of public record, the filed transcript. The trial court did not err in affording appellee reasonable access to the filed trial transcript.

2. Appellee contends the trial court erred in ruling that she was not entitled to a copy of the transcript. We do not address the merits of appellee's argument since it concerns a ruling adverse to appellee, thus making it the subject of a cross-appeal for which no notice of cross-appeal was filed. OCGA § 5-6-39; *Chester v. Ga. Mut. Ins. Co.*, 165 Ga. App. 783 (1) (302 SE2d 594) (1983).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 20, 1987.

*Richard B. Eason, Jr., Carolyn J. Kennedy*, for appellant.
*Kenneth M. Henson, Millard D. Fuller*, for appellee.