## 75205. SAMS et al. v. CHAMPION.
(361 SE2d 852)

DEEN, Presiding Judge.

In this case the appellee took the deposition of a witness, but afterwards decided against having the court reporter transcribe it. In fact, the appellee paid the court reporter for the services rendered and got all of the take-down notes from the reporter. Subsequently, the appellants sought to obtain a copy of the deposition, quite willing to pay for it, but the appellee refused to surrender the take-down notes. The appellants then requested the trial court to order release of the take-down notes so that the deposition could be transcribed. However, being of the mind that the take-down notes belonged to the party who had paid for the deposition, and that the appellants could simply depose the witness on their own or subpoena the witness for the trial, the trial court denied the request. This interlocutory appeal followed.

OCGA § 9-11-30 (c) (1), in part, provides that deposition "testimony shall be taken stenographically or recorded by any other means ordered in accordance with paragraph (4) of subsection (b) of this Code section. *If requested by one of the parties, the testimony shall be transcribed.*" (Emphasis supplied.) Further, OCGA § 9-11-30 (f) (2) provides that "[u]pon payment of reasonable charges therefor, the officer shall furnish a copy of the deposition to any party or to the deponent." These Code provisions quite clearly give the appellants the right to have the deposition transcribed and to have a copy of the deposition, provided they pay for it. But compare *Harrington v. Harrington*, 224 Ga. 305 (161 SE2d 862) (1968) and *Tow v. Reed*, 180 Ga. App. 609 (349 SE2d 829) (1986) with *Georgia American Ins. Co. v. Varnum*, 182 Ga. App. 907 (357 SE2d 609) (1987).

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 2, 1987.

*Rex D. Smith, Douglas F. Aholt*, for appellants.
*J. Blair Craig II, Robert P. Mallis*, for appellee.