76764, 76765. TRUITT et al. v. MASON (two cases).
(374 SE2d 771)

BIRDSONG, Chief Judge.
This interlocutory appeal was granted to appellants Truitt, defendants in two personal injury cases. They complain of the trial court's ruling which conditionally denied defendants' request for production of the only transcript extant of traffic court proceedings. The trial court conditioned defendants' access to the traffic court proceedings on terms that the plaintiff first be allowed to take the defendants' depositions.

The briefs and arguments in these cases are many, but the issues are few. The plaintiff's now-deceased husband, Jack Mason, was cited for failure to yield right-of-way and brought Bauer to defend him in traffic court. Bauer had a court reporter transcribe the proceedings. Defendants Steven Truitt, who was driver of the Truitt vehicle, and Mrs. Larry Truitt, were present without counsel. It is not disputed that the Truitts were not asked to participate or share in the cost of reporting, nor did they refuse; nor does it appear they knew they had a right one way or the other. Both Steven Truitt and Mrs. Larry Truitt testified and were cross-examined at the traffic court proceedings. Mr. Mason was found not guilty of the offense charged.

Thereafter, Mason's widow filed personal injury suits against the Truitts, for herself and as executor of Mason's estate. The Truitts' attorney sought production of the transcript of the traffic court proceedings from the plaintiff. The plaintiff's attorney Bauer refused, saying (a) it was his work product made in anticipation of civil litigation, and (b) the Truitts were not "parties" to the traffic court proceedings and therefore were not, like the parties in *Giddings v. Starks*, 240 Ga. 496 (241 SE2d 208), entitled to a transcript of court proceedings. *Held*:

Defendants are entitled to discovery of the transcript of the criminal court proceedings in which they testified and were cross-examined as to issues bearing vitally upon their alleged liability in this civil case. They are entitled to it, as a party to *this* action, under the Civil Procedure Act, OCGA § 9-11-26 (b) (3), which provides: "[A] party may obtain, without the required showing [of substantial need and undue hardship in obtaining a substantial equivalent by other means]," a "statement concerning the action or its subject matter previously made by that party." This code section goes on to define "a statement previously made" as a "stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded."

The traffic court proceedings in that court of record most assuredly were not the plaintiff's attorney's "mental impressions, conclusions, opinions or legal theories," or work product, so as to be protected from disclosure under § 9-11-26 (b) (3). Court proceedings as transcribed by a court reporter under the direction of the judge have a much higher status than that (see *Giddings*, supra); nor can any attorney claim such personal and creative authority over court proceedings, even his or her own questions and comments, because once uttered and admitted, they become matters of public record which content certainly is not proprietary information, even if only one person possesses the only written account of it.

Whether the production of this transcript in compliance with § 9-

11-26 (b) (3) should be limited solely to the statements of any of the defendants in this case, is a matter for discretion, but considering the record is of a public proceeding, the court's discretion should be liberally exercised.

The holding in *Giddings v. Starks*, supra, compelling discovery of the transcript in that case, was based on the fact that the parties seeking discovery in that case did not *"expressly"* refuse to participate in reporting costs. The *Giddings* decision clearly was not, as the appellee Mason speciously contends, based on the fact that the petitioners seeking discovery there were "parties" to the hearing of which discovery of the transcript was sought. As we earlier held, under the code section, the transcript in this case is discoverable because it is a statement made by the parties *in this case*, and mechanically transcribed.

The trial court's ruling that the defendants would first have to submit to deposition appears to have no logical place in the situation; certainly the trial court cannot withhold justified discovery as a penalty or condition to force defendants to submit to deposition while being at the distinct and unnecessary disadvantage of not having seen the traffic court proceedings transcript where they made statements to which they are entitled.

Finally, the plaintiff complains generally of the unfairness in having had to pay $35 to have a reporter record and transcribe the traffic court proceedings, and in now being asked to share her transcript for only the expense of copy. We are, however, confident that the court can fashion a solution to this problem.

*Judgments reversed. Banke, P. J., and Beasley, J., concur specially.*

BEASLEY, Judge, concurring specially.

I concur but with the caveat that OCGA § 9-11-26 (b) (3) should not be permitted to be used as a bypass of the fees earned by a court reporter for copies of a transcript which is prepared pursuant to one party's exercise of the right conferred by OCGA § 5-6-41 (j) and later desired by someone such as a prosecuting witness that participated in the court proceeding. See *Robinson v. J. C. Penney Co.*, 124 Ga. App. 221, 224 (183 SE2d 782) (1971).

I am authorized to state that Presiding Judge Banke joins in this special concurrence.

DECIDED OCTOBER 5, 1988 —
REHEARING DENIED OCTOBER 26, 1988 —

*Gary L. Seacrest, Karsten Bicknese*, for appellants.

*Edward J. Bauer,* for appellee.