A07A2286. MOORE v. CENTER COURT SPORTS & FITNESS, LLC et al.

(657 SE2d 548)

PHIPPS, Judge.

This is a suit by Steven Moore against Center Court Sports & Fitness, LLC, Sharon Levister, and Enrique Jones ("the Center Court defendants"). Before trial, the court granted a motion in limine filed by the Center Court defendants. At trial, the court granted their motion for directed verdict on Moore's claims. The trial court later denied Moore's request for a copy of the trial transcript and dismissed his motion for new trial. Finding that the court erred in denying Moore's transcript request, we reverse.

Moore sued the Center Court defendants, complaining that Levister and Jones had opened a sports complex through Moore's efforts and then discharged him as general manager without compensating him for his services, for his partnership interest in the business, or for their use of a logo he had registered. The Center Court defendants answered the complaint, denying that Moore had any interest in the business and asserting that they had discharged him for cause. Counterclaims were also filed, seeking repayment of money that Levister had loaned Moore and damages for fraud by Moore in registering the logo.

---

[27] Id. at 835 (3).

In moving for summary judgment, the Center Court defendants argued that there was no enforceable partnership agreement between any of the defendants and Moore. In his opposing brief, Moore argued that the Center Court defendants were not entitled to summary judgment on this ground because he was claiming, not that he was a partner in the business, but rather that the Center Court defendants had agreed to assign him an interest in the business in consideration for services rendered.

Following the trial court's denial of the Center Court defendants' motion for summary judgment on most of Moore's claims, the Center Court defendants filed a motion in limine. Among other things, they sought to prohibit Moore from attempting to show the existence of a partnership agreement based on the admission in his brief in opposition to their motion for summary judgment that he was not alleging the existence of a partnership. The court granted the Center Court defendants' motion.

After a conference with counsel for the parties, the court entered a consolidated pretrial order prepared by counsel for the Center Court defendants with the express written permission of Moore's attorney. The order provided, in pertinent part, that the Center Court defendants wanted the case reported and would pay the takedown costs. At trial, the court granted the Center Court defendants' motion for directed verdict on those claims by Moore that had survived summary judgment. The jury returned a verdict awarding $10,000 in damages to the Center Court defendants on their counterclaims.

Afterward, Moore filed motions to obtain a copy of a transcript of the trial. In these motions, Moore acknowledged that his attorney had indicated in the pretrial order, and to the court reporter before trial, that Moore did not want to participate in the takedown costs. Moore sought to explain that his decision in that regard was "purely [due] to a lack of financial resources." In the post-trial motions, however, Moore offered to share in the takedown costs with the Center Court defendants and pay for a copy of the transcript to protect and preserve his right to appeal.

In opposition to Moore's motions, the Center Court defendants filed affidavits executed by their attorney and the court reporter. In his affidavit, counsel testified that in connection with the pretrial order, he had a telephone conversation with Moore's attorney as to whether Moore would participate in the takedown costs for the trial. According to the Center Court defendants' attorney, counsel for Moore told him in no uncertain terms that Moore would not participate in the takedown costs. In her affidavit, the court reporter testified that Moore's attorney had told her on multiple occasions before trial that he was not going to participate in the takedown costs and that, at the beginning of the trial in open court, he again refused

to participate in the takedown costs. Accordingly, the Center Court defendants had paid the entire costs for the court reporter to take down the trial evidence, they did not ask her to prepare a transcript, and no transcript was prepared.

To counter the Center Court defendants' attorney's affidavit, Moore filed an affidavit by his attorney. In that affidavit, Moore's attorney denied ever having had a conversation with opposing counsel concerning takedown costs. Moore's attorney further testified that, in fact, during the trial he had asked counsel on the record whether he would allow Moore to participate in takedown costs and that counsel provided a noncommital response.

Moore's attorney also wrote a letter asking the trial court to conduct an evidentiary hearing on the issues surrounding his motions for a transcript. In the letter, counsel informed the court that he was filing a complaint against the court reporter with the State Board of Court Reporters because she had made false statements in her affidavit.

After entry of judgment on the jury verdict, the trial court denied Moore's motions for a transcript based on its findings that Moore had expressly refused to participate in the takedown costs prior to trial, as evidenced by the pretrial order, and that, at the beginning of the trial, he again expressly refused to participate in these costs.

From the denial of these motions, Moore filed an emergency motion in this court. We entered an order denying Moore's motion, but remanding the case to the trial court with the direction that it make findings regarding a claim by Moore that he had requested a copy of the transcript during the trial and expressed a willingness to share in the takedown costs at that time.

Moore then filed a motion for new trial. By letter, he again requested an evidentiary hearing to perfect the record on issues surrounding his transcript requests. And Moore's attorney executed another affidavit. In that affidavit, counsel testified that during the trial he had also informed the court reporter in open court that Moore wanted to share in the takedown costs and obtain a copy of the transcript at the end of the trial. According to Moore's counsel, the court reporter told him that it was too late for that and that, because the Center Court defendants had hired her to take down the trial evidence, they had to decide whether she should provide him with a copy of the trial transcript. Moore's counsel testified that, on the record, he then asked the court to compel the court reporter to make the transcript available to him at the end of the trial and that he was willing to share in the takedown costs, but the court stated that was an issue to be resolved with the court reporter.

Without holding an evidentiary hearing, the trial court entered an order finding that Moore's offer to participate in the takedown

costs and his request for a copy of the trial transcript did not occur until after the trial court had granted the Center Court defendants' motion for directed verdict and was thus too late. Consequently, the court adhered to its denial of Moore's transcript motions.

Moore filed a notice of appeal from that order, but we dismissed the appeal as premature based on the pendency of Moore's motion for new trial. The trial court subsequently entered an order dismissing Moore's motion for new trial on the ground that a consideration of its merits required review of a transcript of the evidence. Moore appeals that order.

1. Moore contends that the trial court abused its discretion in denying his request for a trial transcript based on its finding that he had expressly refused to participate in the takedown costs.

In civil cases, the trial court may require the parties to have the proceedings and evidence reported by a court reporter with the costs to be borne equally between them or, if it is determined that either or both of the parties are financially unable to pay the costs of reporting or transcribing, the court in its discretion may authorize the trial of the case to go unreported.[1] Therefore, as recognized in *Harrington v. Harrington*,[2] there is no law requiring the testimony adduced at a civil trial to be reported. Consequently, *Harrington* held that

> where the official court reporter takes stenographic notes of the testimony in a civil case pursuant to an agreement with one of the parties, in which agreement the other party expressly declines to join, he has no duty under [OCGA § 15-14-5] to transcribe the same. His duty to transcribe his notes would arise only under his contract with the party who employed him.[3]

Later in *Giddings v. Starks*,[4] however, the court reporter who recorded the proceedings in accordance with her arrangements with counsel for appellees asked counsel for appellants three times during the trial if appellants wished to share in the takedown costs, and counsel failed to make any affirmative response to the questions. *Giddings* concluded that counsel's failure to respond to the questions did not amount to an "express" refusal to participate in the costs under *Harrington*. *Giddings* further held that

---

[1] OCGA § 5-6-41 (c).
[2] 224 Ga. 305 (2) (161 SE2d 862) (1968).
[3] Id.
[4] 240 Ga. 496 (241 SE2d 208) (1978).

to invoke the *Harrington* rule a party must make the express refusal known to the judge before trial in order that he may exercise his supervisory role over the proceedings and the reporter. The official court reporter always acts as an officer of the court when taking notes of the proceedings, and in this capacity the reporter acts under the direction of the judge. The duties of the reporter are set by law, not by private contract. No private agreement of the reporter and one party can prejudice the rights of the other party to have a transcript of the proceedings prepared. *If a party wishes to rely upon the Harrington rule, he must invoke a ruling of the trial judge at the commencement of the proceedings, that his opponent has expressly refused to participate in the costs of reporting.*[5]

The *Giddings* court found that placement of this affirmative burden on the party seeking forfeiture of the right of his opponent avoids the possibility that a party would lose an important right "by inadvertence or mistake," while leaving in the trial court "ample authority to prevent any party from taking advantage of his opponent by failing to agree to pay for the costs of a reporter until after trial (when he can be certain that he needs the transcript)."[6]

In reliance on *Giddings*, Moore argues that the *Harrington* rule was not triggered here because the Center Court defendants did not invoke a ruling from the trial court that he had expressly refused to participate in the takedown costs. The Center Court defendants argue the pretrial order satisfied the *Harrington* rule. We cannot agree with the Center Court defendants' argument. The pretrial order merely provided that the Center Court defendants wanted the case reported and would pay the takedown costs. The order did not memorialize any express refusal by Moore to participate in the takedown costs. Moreover, the order was entered about two months before the trial began. Thus, the pretrial order did not qualify as a ruling invoked "at the commencement of the proceedings," as further required by *Harrington*. For these reasons, we find merit in Moore's argument that the *Harrington* rule was not effectively invoked and hold that the trial court erred in denying his transcript motions.

---

[5] Id. at 496-497 (citations omitted; emphasis supplied).

[6] Id. at 497. Subsequent cases such as *Tow v. Reed*, 180 Ga. App. 609 (349 SE2d 829) (1986) and *Ruffin v. Banks*, 249 Ga. App. 297, 298 (1) (548 SE2d 61) (2001) appear, however, to have applied *Harrington* without consideration of the *Giddings* requirement that there be a ruling of the trial judge at the commencement of the proceedings concerning the party's express refusal to participate in the reporting costs.

2. Moore also charges the trial judge with error in not recusing himself sua sponte from deciding Moore's request for a transcript. But in view of our determination that Moore is entitled to the transcript, this issue is moot. As to Moore's claim that the court erred in granting the Center Court defendants' motion in limine, "[w]ithout a transcript of the trial we have no way of determining whether [Moore] was harmed by the ruling."[7] And a consideration of the transcript is necessary for a resolution of Moore's claim that the court erred in granting the Center Court defendants' motion for directed verdict.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JANUARY 25, 2008 —
RECONSIDERATION DENIED FEBRUARY 14, 2008 ▇▇▇▇▇▇▇▇

*Robert Kenner, Jr.*, for appellant.
*Smith, Gambrell & Russell, William Van Hearnburg, Jr.*, for appellees.

---

[7] *Estate of Sam Farkas, Inc. v. Dougherty County School System*, 178 Ga. App. 135 (342 SE2d 501) (1986).