A09A2091. BMW BANK OF NORTH AMERICA v. SHORT.
(685 SE2d 390)

ANDREWS, Presiding Judge.

BMW Bank of North America appeals the trial court's confirmation of an arbitrator's award of $150,000 plus fees and costs to Eddie Short concerning BMW Bank's repossession of Short's car. BMW Bank argues that the trial court erred when it denied the Bank's motion to obtain a transcript of the arbitration proceedings and that the arbitrator exceeded the scope of his authority. We affirm.

As the Supreme Court of Georgia has recently emphasized, a litigant seeking to vacate an arbitration award has an "extremely

---

difficult" task. *ABCO Builders v. Progressive Plumbing*, 282 Ga. 308, 309 (647 SE2d 574) (2007). First, "[a]n appellate court will not consider the sufficiency of the evidence underlying an arbitrator's award. *Greene v. Hundley*, 266 Ga. 592 (3) (468 SE2d 350) (1996)." Id. Moreover,

> an arbitrator's award may be vacated [only] if it can be shown that the arbitrator manifestly disregarded the proper law applicable to the case before him. This disregard must be both evident and intentional. An arbitration board that incorrectly interprets the law has not manifestly disregarded it. It has simply made a legal mistake. To manifestly disregard the law, one must be conscious of the law and deliberately ignore it. Therefore, to prove that a manifest disregard of the law has occurred, a party wishing to have an arbitration award vacated must provide evidence of record that, not only was the correct law communicated to an arbitrator, but that the arbitrator intentionally and knowingly chose to ignore that law despite the fact that it was correct.

(Citation and punctuation omitted.) Id.

So viewed, the record shows that Short filed an action for wrongful repossession against BMW Bank, BMW of Columbus, and JMIC Life Insurance Company. Defendants' motions to compel arbitration were granted. The arbitration agreement provided that "the arbitrator will have no power to award punitive damages or other damages not measured by the prevailing party's actual damages."

At the commencement of the arbitration hearing, the following conversation took place:

> THE ARBITRATOR: . . . Have the parties agreed upon sharing the cost of the takedown, or what's — what's the agreement, if any?
> [PLAINTIFF'S COUNSEL]: I haven't asked anybody. I just got [the reporter] up here.
> THE ARBITRATOR: All right. So you're accepting the cost of the takedown?
> [PLAINTIFF'S COUNSEL]: Unless they want to volunteer, I'll pay.
> THE ARBITRATOR: All right.

A short break was taken, after which Short's counsel returned to the

record on the subject of the reporter's fees. When the arbitrator noted that he had received "extensive documents and exhibits from everybody," counsel for BMW Bank found it desirable to add that the arbitrator had received "several copies." The arbitrator then confirmed that "no one else [other than Short] is sharing the cost; is that correct?" to which Short's counsel responded, "That's correct." None of the four defense lawyers present contradicted this conclusion.

The arbitrator later issued written findings including that the Bank had violated contractual duties to Short; that the repossession was "not only negligent, but reckless and outrageous, causing Short loss of property, loss of credit[,] and mental pain and suffering"; and that the decision to repossess "was made by the Bank alone, with no contributing negligence by [BMW of Columbus] or [JMIC]." The arbitrator awarded Short $150,000 against BMW Bank as well as fees and costs apportioned among the three defendants.

1. BMW Bank argues that it should be able to supplement the record with a complete copy of the arbitration transcript because it never "expressly" refused to participate in reporting expenses and because the arbitrator never ruled on the question. See, e.g., *Giddings v. Starks*, 240 Ga. 496, 496-497 (241 SE2d 208) (1978). As we pointed out in *Tow v. Reed*, 180 Ga. App. 609 (349 SE2d 829) (1986), however, *Giddings* involved a pre-trial private agreement by the parties regarding the transcript, whereas the arbitrator here confirmed, after an extensive discussion on the record to which counsel for BMW Bank contributed, that only Short was paying costs. Like *Tow*, then, this is a case where "a trial court has 'prevented a party from taking advantage of his opponent by failing to agree to pay for the costs of a reporter until after trial (when he can be certain that he needs the transcript).' " Id. at 610, quoting *Giddings*, 240 Ga. at 497. The trial court did not err when it denied BMW Bank's motion to instruct the reporter to prepare a transcript. The Bank's motion to supplement the record on appeal is likewise denied.

2. On the merits, BMW asserts that the arbitrator's finding that the repossession was "not only negligent, but reckless and outrageous," amounted to a manifest disregard of the arbitration agreement, which provided that punitive damages were not available. We disagree. The arbitrator need not and did not specify how he calculated Short's compensatory damages for his "loss of property," which could have included not only the car itself but also any personal property lost in the course of the repossession. Again, because a court does not review the arbitrator's award for sufficiency of the evidence, the trial court did not err when it confirmed the arbitrator's award. *ABCO*, 282 Ga. at 309 (refusing to review the sufficiency of the evidence in support of an arbitrator's award, and

reversing trial court's vacation of the award in the absence of a transcript or detailed findings of fact).

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED OCTOBER 8, 2009.

*Holland & Knight, Gregory J. Digel, Kelli S. Lott*, for appellant.
*Charles A. Gower, F. Houser Pugh*, for appellee.