**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 14, 2014**

# In the Court of Appeals of Georgia

A13A2077. BERINGER v. EMORY.

DILLARD, Judge.

Marybeth S. Beringer appeals the trial court's order holding her in contempt of a child-custody and visitation agreement with Jimmy R. Emory, a separate but related order to pay Emory's attorneys fees, and a later order denying her motion for a copy of the contempt-hearing transcript. We agree with Beringer that the trial court erred in denying her a copy of the contempt-hearing transcript. And because we should not resolve challenges to the other orders without the transcript, we reverse the transcript order and remand the case to the trial court.

The record reflects that this is the second appearance of this case before this Court. In September 2012, Emory filed a motion for contempt against Beringer, contending that she was in violation of a provision in the parties' child-custody and

visitation agreement that prohibited the presence of unrelated, adult overnight guests of the opposite sex while the child was also present. Emory later amended the motion for contempt to further allege that Beringer was sending inappropriate text messages to the child. And on October 10, 2012, the trial court held an evidentiary hearing on Emory's motion and request for attorneys fees and, that same day, issued a final order holding Beringer in contempt, and also issued a separate "*Floyd* order"[1] on attorneys fees. Specifically, the trial court found that Beringer violated the clause prohibiting overnight guests of the opposite sex and sent inappropriate text messages to the child, and, pursuant to OCGA § 19-6-2, ordered Beringer to pay Emory's attorneys fees and other expenses of litigation. Additionally, the trial court modified the parties' visitation provisions.

On November 5, 2012, Beringer filed an application for discretionary appeal with this Court, which was granted on November 21, 2012.[2] Thereafter, Beringer filed

[1] *See Floyd v. Floyd*, 247 Ga. 551, 553 (1) (277 SE2d 658) (1981) ("We hold that where, on motion for contempt, an order is entered requiring payment of sums past due, a person can be ordered to jail by a subsequent order, entered after hearing, finding that the prior order has been disobeyed.").

[2] Although Beringer's prior appeal was originally filed via the discretionary-appeal procedures, we granted her application because Beringer had the right to a direct appeal. *See* OCGA § 5-6-35 (j); *see also* OCGA § 5-6-34 (a). Thus, contrary to assertions in Emory's brief in the case *sub judice*, the record in the prior appeal did

a notice of appeal in the lower court and, additionally, a motion to compel production of the contempt-hearing transcript. However, the trial court never ruled upon Beringer's motion, and her appeal was docketed in this Court as Case Number A13A1031 on January 23, 2013. Three days prior to docketing, Beringer filed with this Court a motion to compel production of the contempt-hearing transcript.

The record in Case Number A13A1031 contained a brief excerpt from the contempt hearing, which indicated that Emory's counsel represented to the trial court that Beringer elected not to participate in takedown of the proceeding. The excerpt, in its entirety, read as follows:

> THE COURT: We have Emory versus Beringer. Let's have opening statements.
>
> [EMORY'S COUNSEL]: Ready, your honor.

---

not—and does not—exclusively exist in the form of an application. And at the time of addressing the current appeal, this Court still retained the record from the prior appeal, the remittitur in that case having been issued on March 4, 2013, and filed in the lower court on March 18, 2013. *See* Court of Appeals Rule 42 (b) ("One year after the remittitur has issued, the party paying for the record and transcript may claim them. Otherwise, all records, record appendices and transcripts shall be recycled, unless the parties notify the Clerk, in writing, that the record should be maintained, and the reason therefore."). We do, however, take this opportunity to remind parties that if they "anticipate that the case will return to the Court or be appealed to the United States Supreme Court, the parties must notify the Clerk, in writing, to hold the record." Court of Appeals Rule 42 (c).

[BERINGER'S COUNSEL]: Ready, your honor.

[EMORY'S COUNSEL]: I'd like to note for the record that we have requested takedown and Ms. Beringer has elected not to participate in the takedown.

Due to the fact that the excerpt in the record did not "show that the trial court made any ruling on this issue" at the hearing, and because the trial court was best suited to make a determination of same, we remanded the case, in the prior appeal, to the lower court to determine whether a ruling on the matter had been made.

The case has now returned to us following remand to the trial court, that court having denied the motion to compel production of the contempt-hearing transcript. And in denying the motion on remand, the trial court ruled as follows:

At the commencement of the hearing in this matter, both parties were represented by counsel. A court reporter was present. Immediately prior to the commencement of the proceedings and in the presence of the trial judge, the court reporter was requested by [Emory's] counsel to take down the proceedings. [Beringer's] counsel was asked by the court reporter if she wished to share in the takedown and she expressly declined. [Emory's] counsel accurately recited the express refusal on the record at the commencement of the hearing, as evidenced by the transcript excerpt filed in support of [Emory's] brief filed in opposition to the present motion.

4

Beringer now appeals the orders made pursuant to the October 2012 contempt hearing, as well as the trial court's post-remand denial of her motion to compel production of the contempt-hearing transcript.

At the outset, we note that in civil cases, "a court reporter and official transcript are not generally required, although a transcript may be needed to obtain full appellate review."[3] And after notes from a proceeding have been transcribed, "the court reporter must certify the transcript and file the original and one copy with the clerk of the trial court."[4] Then, upon filing, the transcript becomes "a public record that is equally available to all parties."[5] Nevertheless, a party who elects at the start of a proceeding to "solely bear the takedown costs for preparing a transcript may keep another party from obtaining the transcript if, at the start of those proceedings, the other party expressly refuses to participate in the takedown costs."[6]

---

[3] *Norman v. Doby*, 321 Ga. App. 126, 130 (3) (741 SE2d 293) (2013) (punctuation omitted).

[4] *Id.* (punctuation omitted).

[5] *Id.* (punctuation omitted).

[6] *Id.*; *see Harrington v. Harrington*, 226 Ga. 305, 305-06 (2) (161 SE2d 862) (1968).

To foreclose a losing party's access to a proceeding transcript for failure to participate in takedown, the party seeking forfeiture must not only "make the express refusal known to the judge before trial,"[7] but must *also* "invoke a ruling of the trial judge at the commencement of the proceedings."[8] And as set forth in our order remanding this case to the trial court, Emory, as the party seeking a forfeiture of Beringer's right to a transcript, had the burden of demonstrating that those requirements had indeed been met.

Here, the trial court's post-remand order confirms that, as represented on the record by Emory's counsel, an express refusal was made by Beringer in response to an inquiry by the court reporter in open court prior to commencement of the proceedings. Nevertheless, we remanded to the trial court because it was better suited to make a determination on the second requirement: whether a *ruling* was made on the issue of Beringer's refusal to participate in takedown. And following remand, the court's order makes no mention of any such ruling having been made. As such,

---

[7] *Giddings v. Starks*, 240 Ga. 496, 496 (241 SE2d 208) (1978) (per curiam)

[8] *Id.* at 497.

6

because Emory failed to invoke a ruling, the trial court erred in denying Beringer's motion to compel production of the transcript.[9]

Our Supreme Court has been explicit that the requirement for forfeiture of access to a transcript is twofold.[10] Indeed, as recently as 2011 in *Kent v. Kent*,[11] the Supreme Court of Georgia held that a trial court erred in denying a party's request to obtain a transcript when the court "did not *rule* at the beginning of the trial that [the party] had expressly refused to share payment for the takedown . . . ."[12] And in so holding, the Supreme Court disapproved of cases that either affirmed denial of access to a proceeding transcript without a ruling by the trial court or failed to consider this additional requirement.[13]

---

[9] *See Moore v. Ctr. Ct. Sports & Fitness*, 289 Ga. App. 596, 600 (1) (657 SE2d 548) (2008). *Cf. Giddings*, 240 Ga. at 497 ("If a party wishes to rely upon the *Harrington* rule, he must invoke a ruling of the trial judge at the commencement of the proceedings, that his opponent has expressly refused to participate in the costs of reporting.").

[10] See *supra* notes 7-8 and accompanying text.

[11] 289 Ga. 821 (716 SE2d 212) (2011).

[12] *Id.* at 824 (2) (b) (emphasis supplied).

[13] *Id.* at 825-26 & n.1 (disapproving of *BMW Bank of N. Am. v. Short*, 300 Ga. App. 430 (685 SE2d 390) (2009); *Ruffin v. Banks*, 249 Ga. App. 297 (548 SE2d 61) (2001); *Tow v. Reed*, 180 Ga. App. 609 (349 SE2d 829) (1986)); *see BMW Bank of N. Am.*, 300 Ga. App. at 432 (1) (affirming denial of access to transcript when "the

In light of our Supreme Court's established bright-line procedural rule and its explicit disapproval of cases that did not inquire as to whether, in addition to an express refusal to participate in takedown, the trial court made a *ruling* on same, we hold that the trial court in the case *sub judice* erred in denying Beringer's motion to compel a copy of the contempt-hearing transcript.[14] And because the trial court erred in denying Beringer's motion for a transcript of the contempt hearing, she was unable to cite the transcript in support of her challenges to the contempt order and attorneys fees order. Accordingly, we reverse the transcript order and remand the case to allow entry of an appropriate order granting Beringer a transcript, after which she may seek

---

arbitrator never ruled on the question"); *Ruffin*, 249 Ga. App. at 299 & n.5 (failing to mention whether trial court ruled at commencement of proceeding that party had expressly refused to participate in takedown costs); *Tow*, 180 Ga. App. at 610 (failing to address whether trial court ruled at commencement of proceeding that party had expressly refused to participate in takedown costs); *see also Moore*, 289 Ga. App. at 600 n.6 (1) (noting that *Ruffin* and *Tow* appeared to be inconsistent with Supreme Court precedent by failing to consider whether the trial court ruled at the commencement of the proceedings that the relevant party had expressly refused to participate in takedown costs).

[14] *See Kent*, 289 Ga. at 826 (3).

review of the orders holding her in contempt and requiring payment of Emory's attorneys fees.[15]

*Judgment reversed and case remanded with direction. Andrews, P. J., and McMillian, J., concur.*

---

[15] *See id.* We further note that the trial court may, if it so desires, require Beringer to pay for the transcript and the court-reporter services that produce it. *See id.* at 825 (2) (c) ("[T]he court may of course require the party seeking a transcript after the proceeding to pay for it and the court reporter services that produce it . . . .").