In the Supreme Court of Georgia

Decided:   May 23, 2016

S16F0279.  DAVENPORT v. DAVENPORT.

NAHMIAS, Justice.

Dustin Davenport (Husband) and Keisha Davenport (Wife) were divorced by final decree in the Union County Superior Court.  Husband appeared pro se in the divorce proceeding.  Wife, who had counsel, paid for a court reporter to record the bench trial on May 5, 2014; Husband did not participate in paying for the takedown.  After the trial, Husband hired a lawyer, who filed a motion for new trial and a motion to compel production of the trial transcript (which Husband was now willing to pay for), asserting that the trial court failed to make a ruling at the start of the trial that Husband expressly refused to share the takedown expense.  In response, Wife claimed that Husband had expressly refused to participate in the takedown after being given an opportunity to do so.

At the hearing on the motion to compel in August 2014, no transcript of the trial or of the discussion of the takedown was presented.  Wife's counsel said

that he believed, but could not recall with certainty, that the trial court asked Husband whether he wanted to participate in the takedown and Husband "voluntarily decided and indicated that he would not participate in the takedown." Wife's counsel said that he did not know if the trial court made a ruling on that issue. The trial court said:

> It is this Court's policy any time I have a pro se defendant, especially in civil cases, number one, I specifically inquire as to takedown. I can't think of a case I haven't done that. . . . Both counsels sitting in the courtroom today have seen me do that many, many times, both of you having handled cases against pro se defendants in the past. That is my policy. I do it as protection of all parties and in furtherance of due process of law. . . . The Court goes on its recollection, as have counsel in this case, as to the pro se warnings I give to all defendants in the case . . . . I'm going to deny the motion at this time.

The court said nothing, however, about whether it ruled on the takedown issue at the beginning of the trial. On August 22, 2014, the court entered an order summarily denying Husband's motion to compel. Husband filed a notice of appeal directed to the Court of Appeals, which dismissed the appeal on January 14, 2015, due to Husband's failure to comply with the interlocutory appeal procedures.[1]

---

[1] The Court of Appeals initially transferred the case to this Court, but we returned it because the takedown issue on interlocutory appeal did not involve divorce or alimony. See Case No.

On May 4, 2015, the trial court held a hearing on Husband's motion for new trial, and on May 22, the court denied that motion. Husband filed a timely application for discretionary appeal in this Court, which we granted under our Rule 34 (4), indicating that we were particularly concerned with the following question:

> Did the trial court err in denying Husband's motion to compel production of the trial transcript in the absence of a finding that the court made a ruling at the start of the trial that Husband refused to participate in paying takedown costs?

Husband then filed a timely notice of appeal.

In Kent v. Kent, 289 Ga. 821 (716 SE2d 212) (2011), this Court reiterated the long-standing, bright-line procedural rule that a party's right to a transcript of a civil proceeding is not waived "unless the [trial] court makes a ruling 'at the commencement of the hearing' that the party 'expressly refused,' by '"direct and appropriate language,"' to share in the costs of the takedown." Id. at 824 (quoting Giddings v. Starks, 240 Ga. 496, 496-497 (241 SE2d 208) (1978)). See also id. at 826 & n.1 (overruling several Court of Appeals cases to the extent that they affirmed the denial of a motion for a transcript where the appellant had

S15A0337 (Dec. 2, 2014).

3

expressly refused to participate in the takedown, but there was no ruling by the trial court to that effect at the beginning of the proceeding); Beringer v. Emory, 326 Ga. App. 260, 262-263 (756 SE2d 329) (2014) (relying on Kent to reverse the denial of the mother's motion to compel the transcript of a contempt hearing, where the record showed that she expressly refused to participate in the takedown, but did not show that the trial court made a ruling on the issue at the start of the hearing). The burden is on the party seeking to benefit from the rule to show that its requirements were met. See Kent, 289 Ga. at 823. Because the trial court's error in denying the husband's motion for a transcript prevented him from citing the transcript to support his challenges to the divorce decree, this Court remanded the case "to allow entry of an appropriate order granting Husband a transcript, after which he may seek review of the decree." Id. at 826.

In this case, the record on appeal would support a finding that Husband refused to participate in the reporting of the divorce trial. But the record does not include or support a finding that the trial court ruled on the takedown costs issue at the start of the trial. Thus, Wife failed to show that Husband was not entitled to a transcript, and the trial court's order denying Husband's motion to compel production of the trial transcript must be reversed. See Kent, 289 Ga.

4

at 824-825; Beringer, 326 Ga. App. at 262-263. Moreover, as a result of the trial court's erroneous denial of Husband's motion to compel, he was unable to cite the trial transcript in raising challenges to the divorce decree in his motion for new trial. We therefore vacate the trial court's denial of Husband's motion for new trial and remand the case with direction to enter an appropriate order granting Husband a transcript at his expense, after which he may seek review of the divorce decree by amending his new trial motion to reflect the contents of the trial transcript. See Kent, 289 Ga. at 826.

Judgment reversed in part and vacated in part, and case remanded with direction. All the Justices concur.